MAYOR, &c., of MARYSVILLE, Appellant, *v.* R. B. BUCHANAN, Respondent.

Where a cause is remitted from this court to a District Court, the clerk of the District Court may issue an execution for the costs accrued thereon, without the order of the District Court.

The remittitur from this court is, by the direction of the 358th sect. of the Practice Act, to be attached by the Clerk of the District Court to the judgment roll; and a minute of the judgment entered on the docket, against the original entry; the judgment of this court then stands as the judgment of the District Court. If it award a new trial, the clerk will place the cause on the calendar; if costs, he will on the application of the party issue execution for the same.

The District Court has no authority to prevent the immediate execution of the judgment of this court, so remitted.

The judgment of this court upon appeal, and the costs consequent thereon, is final.

The clerk of this court, in entering up the judgment adds the words " with costs," and annexes to the remittitur a copy of the bill of costs filed; these words are a sufficient awarding of costs, for the clerk of the court below to issue execution for the same.

APPEAL from the Tenth Judicial District, County of Yuba.

This cause had been, after several arguments, reversed in this court, *with costs;* a rehearing was also granted, and the previous judgment confirmed on the 31st January, 1853, with costs, and the cause remanded for a new trial. The remittitur, with the bill of costs annexed, as taxed in this court, was filed April 23d, 1853, with the clerk of the District Court, who, on the same day, on the application of the appellant, issued execution for the amount of the costs taxed as above.

On the affidavit of the respondent, that the execution had issued by the clerk without the order of the District Court, and had issued for " too large an amount," the District Judge, on the 18th May, stayed proceedings upon the execution, until the alleged errors could be heard and determined. A motion to quash this order was made by appellant and denied, the court in its decision holding: 1st. That the clerk of the District Court had no power to issue execution in the case for costs, or

other matter, without the order of the District Court. 2d. That the mandates of the, Supreme Court are intended for and addressed to this court, and not to the clerk. 3d. That it is the duty of the clerk of the Supreme Court to issue all executions for costs accrued in that court ; this (the District Court) having no power to supervise the same. 4th. That the mandate in this case does not authorize or direct costs to be paid by either party.

*Fields*, for appellant.

The clerk of the District Court had power to issue the execution. Prac. Act, sect. 358, p. 55, 6. The judgment of the Supreme Court is fixed for its own purposes. If the District Court can order an execution for costs, it can refuse, and thus defeat the judgment of the Supreme Court.

The rule in other States, that judgment can only be entered in term time, has no existence here. Prac. Act, sect. 209, 144 ; 1 Wend. 26 ; 2 Cow. 510.

The judgments of the Supreme Court are remitted to the clerk of the District Court ; when filed, they become records of the District Court, and upon its own judgments the clerk issues executions without any particular direction from the court. In no instance has the clerk of the Supreme Court issued execution for costs accruing in that court. When the case is remitted, the bill of costs taxed in the Supreme Court accompanies it, and the District Court can have nothing to do with it. Costs are awarded in this case.

No brief on file for respondent.

WELLS, Justice, delivered the opinion of the court. HEYDENFELDT, Justice, concurred.

In this action, judgment was rendered in this court at the October Term, reversing the judgment of the court below, with costs. On a rehearing, at the last January Term, the former decision of the court was affirmed, with costs, and as the defendant set up an ownership in the landings on the Yuba River, the case was remanded for a new trial. As the right of the city to the ferry had been decided by this court, the only object of the new trial was to determine the question of ownership in the landings; for if found to be in the defendant, he

is certainly entitled to compensation before they can be subjected to the uses of the city. This statement is made in answer to the remarks of counsel as to the apparent conflict in the two decisions of this court. The fact that Judge Anderson's opinion has been lost, can have no effect upon the decision of the case, nor upon the present appeal.

The present appeal is from an order of the District Court, refusing to set aside an order of the Judge at chambers, staying proceedings upon an execution for costs, issued by the clerk of the District Court, upon a remittitur from this court filed with him, and from an order of the District Court quashing said execution.

When the plaintiffs filed the remittitur from this court, they applied to the clerk and obtained an execution for their costs. The District Court, in quashing the execution, held, that the clerk of the District Court had no power to issue an execution for costs, until by order of that court; and further, that it was the duty of the clerk of the Supreme Court to issue all executions for costs accruing in this court. Both of these positions are erroneous. By statute, Prac. Act, sect. 358, the remittitur from this court is transmitted to the clerk of the court below. By him it is attached to the judgment roll, and a minute of the judgment of this court is entered on the docket against the original entry. The judgment of the court then stands as the judgment of the District Court. If the judgment of this court orders a new trial, the clerk of the District Court will proceed to place the cause on the calendar; if it awards costs, he will, on application of the party in whose favor it is given, issue execution for the same. In either case, he acts, not by the authority of the District Court, but of this court. Neither the District Court nor the District Judge have any authority to prevent the immediate execution of the judgment of this court. So far as the appeal is concerned and the costs consequent thereon, the judgment of this court is final. It is unnecessary to wait until term time. The rule in force in some States, that judgment cannot be entered and execution issued in vacation, has no existence in this State. See Prac. Act, sect. 144–209. By a rule of this court, a party who obtains a judgment of

reversal is entitled, not only to the costs of this court, but also of the court below. He files his bill of costs with the clerk: no remittitur issues until ten days after judgment is rendered, and if there are any errors in the bill, the opposite party can within this time have them corrected, by calling the attention of the court to them. It is difficult to see how, under our statute, where the services for which costs can be charged are so plain, and so clearly designated, an attorney could, without gross negligence commit any errors in making up his bill. His own affidavit is a sufficient guarantee that the disbursements specified in the bill have been necessarily incurred. We have looked into the bill of costs in this case, and we see no item which is not strictly in conformity with the statute.

The clerk, in entering up the judgment of this court, adds to the same, the words "with costs," and annexes to the remittitur a copy of the bill of costs filed. This he will do in all cases, unless costs are explicitly refused in the opinion of the court, and these words are a sufficient awarding of costs for the clerk of the court below to issue execution for the same, on receiving the remittitur from this court.

The order of the District Court must be reversed, and the order of the District Judge, staying proceedings, set aside, and the plaintiffs can have their execution for the costs of this appeal.

Ordered accordingly.