, McMILLAN v. RICHARDS *et al.*

Where a case is appealed from the District Court to the Supreme Court, and the Supreme Court reverses the judgment of the District Court, and directs the entry of a final judgment, such judgment can be entered by the Clerk of the District Court in vacation.

The act of the Clerk in entering the judgment, is a mere ministerial act.

The Court below cannot refuse to give effect to the judgment of this Court; and a judgment entered by the Clerk, in such case, is just as binding as if entered in the Supreme Court itself.

APPEAL from the Seventh District, County of Marin.

The facts appear in the opinion of the Court.

*J. A. McDougall* for Appellant.

*O. L. Shafter* for Respondents.

BALDWIN, J., delivered the opinion of the Court—TERRY, C. J., concurring.

An appeal was taken to this Court from the District Court of Marin. The Court rendered a judgment of reversal, and directed the Court to enter for the respondent a final judgment. The precise judgment was declared in specific terms, leaving no discretion in the Court below. It was in substance and effect a final judgment and disposition of the whole subject matter by this Court: " The Court only directing the lower Court to perform a specific ministerial duty of registering the decree ordered and directed by this Court." The Clerk of the Marin Court entered the judgment in vacation. A motion was made to vacate this judgment and supersede the execution; also, for a motion for a new trial, on sundry grounds. This motion to vacate being overruled, the defendant appeals.

The grounds of appeal are: The judgment entered by the Clerk is a nullity, the Clerk having no power to make this entry in vacation. Unquestionably, if powers judicial in their nature are involved, the Court, and not the Clerk, must exercise them. But if the acts enjoined by the Court be merely ministerial in their nature, it is not

perceived why the Clerk of the lower Court might not as well exercise them as the Clerk of this Court.

The Practice Act (section 144) provides that a judgment may be entered in vacation; and section 358 seems to contemplate that a judgment by the Supreme Court may be in like manner entered by the Clerk of the District Court. This question has been expressly decided by this Court in Marysville *v.* Buchanan, (3 Cal. 214). In that case the Court said : " When the plaintiffs filed the remittitur from this Court, they applied to the Clerk and obtained an execution for their costs. The District Court, in quashing the execution, held that the Clerk of the District Court had no power to issue an execution for costs, until by order of that Court ; and, further, that it was the duty of the Clerk of the Supreme Court to issue all executions for costs accruing in this Court. Both of these positions are erroneous. By statute, (Practice Act, section 358) the remittitur from this Court is transmitted to the Clerk of the Court below ; by him it is attached to the judgment roll, and a minute of the judgment of this Court is entered on the docket against the original entry.

" The judgment of the Court then stands as the judgment of the District Court. If the judgment of this Court orders a new trial, the Clerk of the District Court will proceed to place the cause on the calendar ; if it awards costs, he will, on application of the party in whose favor it is given, issue execution for the same. In either case he acts, not by the authority of the District Court, but of this Court. Neither the District Court nor the District Judge have any authority to prevent the immediate execution of the judgment of this Court. So far as the appeal is concerned, and the costs consequent thereon, the judgment of this Court is final. It is unnecessary to wait until term time. The rule in some States, that judgment cannot be entered and execution issued in vacation, has not existed in this State." See Practice Act, sections 144, 209.

This being so, the judgment ordered by this Court was just as effectual, and as conclusive of all the matters involved in the controversy, as if, instead of directing the Court below, or its Clerk, to enter the judgment directed, it had been entered by the Clerk of this Court.

We do not think that, upon the showing made by the defendants,

the judgment below ought to have been set aside, if rendered by that Court. But even if it should, and this Court passed upon the whole subject, and gave its judgment, it cannot be held that the Court below could refuse to give effect to the judgment of the Supreme Court. The matter was *res adjudicata*, not only as to the matters of averment and proof actually in the record, but as to those matters which might have been introduced. It is precisely as if, instead of ordering the Court below to enter the judgment, this Court had itself entered it on its records.

The judgment of the Court below is affirmed.