[No. 12329. In Bank. — November 8, 1887.]

WILLIAM McMANN, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

Execution — Time for Issuance of — Judgment for Costs in Supreme Court. — Under sections 958 and 1034 of the Code of Civil Procedure, the five years within which an execution may be issued on a judgment for costs incurred in the supreme court on an appeal from a judgment commences to run from the time that a minute of the judgment of the supreme court is entered on the docket of the lower court.

Id. — Sheriff Acts as Officer of Court. — A sheriff, in enforcing an execution, acts as an officer of the court, and under color of its process.

Id. — Order for Sheriff to Refund — Execution Improperly Issued. — The superior court has power to recall an execution which had been improperly issued after the expiration of the time allowed by law for its issuance, and to order the sheriff to refund money collected by him thereon.

Application for a writ of review to the Superior Court of the city and county of San Francisco. The facts are stated in the opinion of the court.

*J. P. Foulds*, for Petitioner.

*Edward P. Cole*, for Respondent.

Temple, J. — This is an application for a writ of review, in which it is sought to have an order vacated which required the petitioner, as sheriff, to refund certain moneys collected upon an execution, which, it is claimed, was void for the reason that the judgment upon which it was issued had ceased to be operative, because it had been entered more than five years. The execution was for costs which accrued in the supreme court. The judgment was rendered here May 3, 1882. The *remittitur* was issued May 6, 1882, and was filed in the court below May 9, 1882. The cost bill was filed May 10, 1882. Execution was issued May 10, 1887.

The sections of the code bearing upon the subject are section 958, Code of Civil Procedure, which provides

that when the appeal is from a judgment, the clerk, on receipt of the *remittitur*, must attach it to the judgment roll, and enter a minute of the judgment of the supreme court on the docket against the original entry; and section 1034, Code of Civil Procedure, which provides that the party to whom costs are awarded must file his cost bill within thirty days after the *remittitur* is filed, and thereafter he may have an execution therefor as upon a judgment. Execution may be issued upon a judgment at any time within five years after its rendition; and it is contended that the language, " he may have an execution therefor as upon a judgment," not only directs the mode and manner of issuing execution, but also makes applicable the limitation as to time. It is obvious, however, that the sole purpose of the language used was to give the party entitled to the costs an execution therefor.

The case of *Kerns* v. *Graves*, 26 Cal. 156, is analogous to the case at bar. A judgment had been obtained before a justice of the peace, and a transcript filed in the office of the county clerk. The statutes provided, as in section 899, Code Civil Procedure, that execution might be issued by the county clerk, " as upon judgments recovered in the higher courts." This court held that execution could only issue within five years after the judgment rendered by the justice of the peace, and that the execution was still upon and by virtue of the judgment rendered by the justice.

In making the entries required by section 958, the clerk of the superior court acts by authority of this court. No action is required on the part of the superior court to authorize the entries or the issuance of the execution. The execution issues pursuant to the judgment rendered in this court, which is thus docketed and made the judgment of the superior court. It becomes the judgment in that court as soon as the *remittitur* is filed and the entries made. This view was taken in the case

of *Marysville* v. *Buchanan*, 3 Cal. 212, approved in *Mc-Millan* v. *Richards*, 12 Cal. 467. In the first-mentioned case it is said: "The present appeal is from an order of the district court refusing to set aside an order of the judge in chambers staying proceedings upon an execution for costs, issued by the clerk of the district court upon a *remittitur* from this court filed with him, and from an order of the district court quashing said execution. . . . . By statute (Prac. Act, 358) the *remittitur* from this court is transmitted to the clerk of the court below, and by him it is attached to the judgment roll, and a minute of the judgment of this court is entered on the docket against the original entry. The judgment of the court (this court) then stands as the judgment of the district court. If the judgment of this court orders a new trial, the clerk of the district court will proceed to place the cause on the calendar. If it awards costs, he will, on application of the party in whose favor it is given, issue execution for the same. In either case, he acts, not by authority of the district court, but of this court."

The statute commencing to run from the entry made in the docket, there was no authority for issuing the execution, and the court did not err in recalling it. (*White* v. *Clark*, 8 Cal. 513.) Nor do we think the power of the court to order the sheriff to refund the money can be doubted. He was acting as an officer of the court, and under color of its process. Thus acting, he demanded and received moneys illegally. The money was paid to him in his official capacity as an officer of the court, and because of the process improperly issued. Certainly the court must have the power to control the conduct of its officers when acting under color of its authority or of its process. (Code Civ. Proc., sec. 1286.) We think the writ should be denied.

So ordered.

SEARLS, C. J., McFARLAND, J., PATERSON, J., McKINSTRY, J., THORNTON, J., and SHARPSTEIN, J., concurred.