[No. 186. First Appellate District.—August 28, 1905.]

EDITH M. S. RAINE, Petitioner, v. WILLIAM P. LAWLOR, Judge of the Superior Court of the City and County of San Francisco, Respondent.

ESTATES OF DECEASED PERSONS—SPECIAL ADMINISTRATOR—MODE OF APPOINTMENT.—A special administrator may be appointed either by the court or by the order of the judge at chambers.

ID.—INADVERTENT APPOINTMENT—ABSENCE OF NOTICE UNDER RULE— JURISDICTION TO VACATE—ERROR—PROHIBITION.—The court has jurisdiction to vacate an appointment, if inadvertently made on account of the absence of notice required by a rule of the court; and its jurisdiction to determine the matter includes the power to decide erroneously as well as correctly, and prohibition will not lie to prevent an erroneous order setting aside and revoking the appointment.

ID.—RIGHT OF APPOINTMENT NOT STATUTORY—REAPPLICATION UPON NOTICE.—Even if no appeal lies from an order revoking the appointment of a special administratrix, she cannot be greatly injured, as there is no statutory right in any person to be appointed special administratrix, and she can again apply upon notice and be heard the same as any other applicant if the court should deem it necessary to appoint a special administrator.

PETITION for Writ of Prohibition to William P. Lawlor, Judge of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

Henry C. McPike, for Petitioner.

There is no right of appeal from the threatened order. (*Estate of Calahan*, 60 Cal. 233; *Estate of Dean*, 62 Cal.

613; *Estate of Lutz,* 67 Cal. 457, 8 Pac. 39; *Estate of Sbar-boro,* 70 Cal. 147, 11 Pac. 563; *In re Moore,* 86 Cal. 58, 24 Pac. 816; *In re Walkerly,* 94 Cal. 352, 29 Pac. 719; *In re Smith,* 98 Cal. 636, 33 Pac. 744.) There is no policy of the law to prefer the husband as special administrator. Preference is required to be given to the executrix named in the will. (Code Civ. Proc., sec. 1413.) The order was made in open court, and section 937 and decisions under are inapplicable. Inadvertence is not to be presumed, and must be affirmatively shown. (*Carpenter* v. *Superior Court,* 75 Cal. 598, 19 Pac. 174; *In re Piere,* 1 L. R. Q. B. Div. (1898) 627; 1 Freeman on Judgments, secs. 90, 95, 101.) The facts recited in the decision do not show a case of inadvertence. There being no adequate right of appeal, prohibition is the proper remedy. (16 Ency. of Plead. & Prac., p. 1115; *Kirby* v. *Superior Court,* 68 Cal. 604, 10 Pac. 119; *Wagner* v. *Superior Court,* 100 Cal. 360, 34 Pac. 820.)

M. J. Kuhl, Charles W. Slack, and Riordan & Lande, for Respondent.

The decision of the court that the order was inadvertently made is not open to review in this collateral proceeding. (*People* v. *Curtis,* 113 Cal. 71, 45 Pac. 180.) The court has inherent power to set aside orders and judgments inadvertently made. (*Wiggins* v. *Superior Court,* 68 Cal. 398, 9 Pac. 646; *Baker* v. *Fireman's Fund Ins. Co.,* 73 Cal. 182, 14 Pac. 686; *People* v. *Curtis,* 113 Cal. 71, 45 Pac. 180.) The inherent powers have been increased by statute. (Code Civ. Proc., secs. 937, 1713; *Coburn* v. *Pacific Lumber etc. Co.,* 46 Cal. 33; *In re Sullenberger,* 72 Cal. 549. 14 Pac. 513; *Pignaz* v. *Burnett,* 119 Cal. 163, 51 Pac. 48.) The court had jurisdiction to decide the question of inadvertence, and if it decided it erroneously prohibition is not the proper remedy. (*Wreden* v. *Superior Court,* 55 Cal. 505; *Wiggins* v. *Superior Court,* 68 Cal. 398, 9 Pac. 646.) The surviving husband had the right to notice and hearing. (*Estate of Shiels,* 120 Cal. 348, 52 Pac. 808; *Estate of Dorris,* 93 Cal. 617, 29 Pac. 244.)

COOPER, J.—This is a petition for a writ of prohibition against Hon. William P. Lawlor, as judge of the superior

court of the city and county of San Francisco, to prohibit
him from revoking an order appointing petitioner special
administratrix of the estate of Inez Sexton Hutton, deceased.

On the second day of May, 1905, an order was made and
signed by said judge, appointing petitioner special adminis-
tratrix of the estate of deceased, and directing that special
letters of administration issue to her upon filing a bond and
taking the proper oath. Petitioner thereupon qualified and
gave the proper bond. It is not necessary to decide the ques-
tion as to whether the order appointing petitioner was made
by the court or by the judge at chambers. In either case the
appointment was valid. (Code Civ. Proc., secs. 1411, 1412.)

On the tenth day of May, 1905, H. W. Hutton, the sur-
viving husband of deceased, served and filed a notice of
motion to vacate and set aside the order appointing the peti-
tioner such special administratrix, upon the ground, among
others, that the order was irregularly and inadvertently made
and without notice. The motion came on regularly to be
heard on the eleventh day of May, 1905, the petitioner being
represented by her attorney, whereupon the court, after due
consideration of the matter, concluded that the order appoint-
ing the petitioner such special administratrix was irregu-
larly and inadvertently made, without notice as prescribed
by the rules of the court, and announced that it would, and
it is about to, make an order setting aside and revoking the
order appointing petitioner such special administratrix.

The writ of prohibition will not issue to an inferior tri-
bunal unless it is proceeding, or is about to proceed, in excess
of its jurisdiction. (Code Civ. Proc., sec. 1102.) The peti-
tioner here accordingly sets forth, ''That said order and pro-
ceeding is in excess of the jurisdiction of the said William
P. Lawlor, as such superior judge, and he is without any
jurisdiction to make said order upon any of the grounds
stated.'' Jurisdiction is the power to hear and determine
the subject-matter in controversy. If the law confers the
power to render a judgment or decree, then the court has
jurisdiction. ''The question is whether, on the case before a
court, its action is judicial or extrajudicial; with or without
the authority of law, to render a judgment or decree upon
the rights of the litigant parties. If the law confers the

power to render a judgment or decree, then the court has jurisdiction; what shall be adjudged and decreed between the parties, and with which is the right of the case, is judicial action by hearing and determining it." (*Rhode Island* v. *Massachusetts,* 12 Pet. 657.)

The court or the judge thereof had the power to set aside the order if it was inadvertently made. (*Hall* v. *Polack,* 42 Cal. 219; *Crim* v. *Kessing,* 89 Cal. 478, [23 Am. St. Rep. 491, 26 Pac. 1074]; *Kaufman* v. *Shain,* 111 Cal. 17 [52 Am. St. Rep. 139, 43 Pac. 393].)

Counsel for petitioner concedes that courts have the inherent power to set aside orders inadvertently made, but claims that "when the uncontroverted facts show, as matter of law, that there was no inadvertence the court below has no power to vacate its order on the ground that it was inadvertently made." This is but an argument that the court had the power to decide the matter, provided it decided right, but did not have the power to decide wrong. If it had the power to deny the motion to set aside its order alleged to have been made by inadvertence (and this is conceded) it had the power to grant it. It had the power to determine whether or not the order was inadvertently made. It had the power to decide the matter even if its decision was wrong. It is not necessary to express any opinion as to whether or not the record shows that the order was inadvertently made. If the court arrived at a wrong conclusion it was only error, which cannot be reached in this proceeding. The court was the tribunal, and the judge who heard the matter was the person provided by the laws of the state for passing upon the very question presented. The court below was the sole judge of the evidence and of the question as to whether or not the order had been inadvertently made, and its decision is conclusive as to this collateral proceeding. (*Crim* v. *Kessing,* 89 Cal. 478, 486, [23 Am. St. Rep. 491, 26 Pac. 1074]; *People* v. *Curtis,* 113 Cal. 71, [45 Pac. 180].)

The case of *Wiggin* v. *Superior Court,* 68 Cal. 398, [9 Pac. 646], is directly in point, and supports the views herein expressed. There the court made a decree of final discharge of the administrator. It afterwards, upon application of some of the heirs, made an order setting aside and vacating the decree of final discharge upon the ground that such dis-

charge was "made inadvertently and *ex parte.*" A writ of
prohibition was sought upon the ground that the court had
no jurisdiction to set aside the decree of final discharge. The
court said: "We are of opinion that the court had jurisdic-
tion to set aside its order or decree discharging petitioner
from his office of administrator, upon the ground that such
decree had been inadvertently made and entered, and that
having power so to do, if error was committed, it cannot be
corrected by means of a writ of prohibition, which only issues
to arrest 'the proceedings of any tribunal, corporation, board,
or person . . . when such proceedings are without or in ex-
cess of the jurisdiction.' "

In *Wreden* v. *Superior Court,* 55 Cal. 504, it is said: "Any
error committed in the decision of a motion can be saved by a
bill of exceptions, and be disposed of by appeal, or any other
method of review known to the law; but judicial acts, which
are the subject of review by these ordinary and adequate
remedies, are not the subject of prohibition. The mere fact,
if such were the fact, that a court is about to act erroneously
or irregularly in a matter of which it has jurisdiction, will
not warrant the issuance of a writ of prohibition."

In *Woodward* v. *Superior Court,* 95 Cal. 276, [30 Pac
535], it was sought by prohibition to arrest proceedings in
regard to the appointment of a receiver, on the ground that
no sufficient showing had been made to justify the appoint-
ment. It is said: "The court had jurisdiction of the subject-
matter and of the parties. It had the *power,* therefore, to
hear and determine a motion for the appointment of a re-
ceiver, and its action thereon cannot be regarded as in excess
of its jurisdiction."

It is not necessary to decide in this case whether any appeal
lies from the order complained of. If no appeal lies the peti-
tioner cannot be greatly injured. She has no statutory right
to be appointed special administratrix. She can again ap-
ply upon notice and be heard the same as any one else, if the
court should deem it necessary to appoint a special admin-
istrator.

The writ is denied.

Harrison, P. J., and Hall, J., concurred.