(May 2, 1921.)

## THE MOUNTAIN HOME LUMBER COMPANY, LIMITED, a Corporation, Plaintiff and Respondent, v. D. R. SWARTWOUT, Defendant and Appellant, and ALMA LORENE MESEROLE, Formerly ALMA LORENE SMITH, E. D. MESEROLE and CLARA LUDELL SMITH, Defendants and Appellants.

[197 Pac. 1027.]

JUDGMENT ON MANDATE FROM APPELLATE COURT—COSTS, HOW TAXED IN SUPREME COURT — PROCEEDINGS ON REVERSAL WHERE JUDGMENT IS DIRECTED—WHERE PREVAILING PARTY MUST CLAIM COSTS INCURRED BELOW AFTER REVERSAL.

1. When a particular judgment is directed by an appellate court, the lower court, in entering such judgment, does not act of its own motion, but in obedience to its superior, and no modification of such judgment can be made by the lower court; its act is a purely ministerial act.

2. When costs are awarded on appeal by the supreme court, such costs are taxed according to the provisions of C. S., sec. 7219, and rules 39 and 40 of this court, and become a part of its judgment; the lower court is without authority to strike such costs from the judgment.

3. Where the supreme court remands a cause with directions to enter a special judgment, the clerk of this court must certify the same to the clerk below, who must attach such certificate to the judgment-roll; in so doing, the clerk of the lower court acts ministerially, and by authority of this court.

4. Where a judgment has been reversed and remanded to the trial court, with directions to enter a specific judgment, and costs have been awarded to the prevailing party by this court, he may file and serve a memorandum of his costs incurred in the lower court within five days after he has notice of the filing of the remittitur from this court.

APPEAL from the District Court of the Fourth Judicial District, for Elmore County.   Hon. H. F. Ensign, Judge.

Motion to strike from judgment entered in the district court memorandum of costs and disbursements. Motion

sustained and defendant D. R. Swartwout appeals. *Reversed and remanded, with instructions.*

J. R. Smead and Elliott & Healy, for Appellant.

"By statute the *remittitur* from this court is transmitted to the clerk of the court below and by him it is attached to the judgment-roll and a minute of the judgment of this court is entered on the docket against the original entry. The judgment of the court, then, stands as the judgment of the district court . . . . if it awards costs, he will, on application of the party in whose favor it is given, issue execution on the same. In either case he acts, not by authority of the district court, but of this court." (*Marysville v. Buchanan,* 3 Cal. 212; *McMillan v. Richards,* 12 Cal. 467; *McMann v. Superior Court,* 74 Cal. 106, 15 Pac. 448; *White v. Clark,* 8 Cal. 512, 513.)

In view of the construction of the law as contained in the California cases above cited, which construction was the settled law of California long before that statute was adopted *verbatim* in Idaho, sec. 7218, C. S., must be held not to apply at all to a case of this kind.

Swartwout's trial court costs followed the final judgment of this court in his favor as an incident of such judgment. (*Rhodenbaugh v. Stingel,* 31 Ida. 594, 174 Pac. 604.)

W. C. Howie, for Respondent.

Appellant's cost bill for costs of the district court was not filed in the district court during the time required by law. (Sec. 7218, C. S.; *Smith v. Faris-Kesl Const. Co.,* 27 Ida. 407, 150 Pac. 25; *Stickney v. Berry,* 7 Ida. 303, 62 Pac. 924; *Stewart Mining Co. v. Ontario Mining Co.,* 23 Ida. 724, 132 Pac. 787; *Hamilton v. Spokane etc. Ry. Co.,* 3 Ida. 164, 28 Pac. 408; *Caldwell v. Wells,* 16 Ida. 459, 101 Pac. 812; *Shurtliff v. Extension Ditch Co.,* 14 Ida. 416, 94 Pac. 574; *Buster v. Fletcher,* 22 Ida. 172, 125 Pac. 226; *Sellick v. De Carlow,* 95 Cal. 644, 30 Pac. 795; *McDonnell v. Huffine,* 44 Mont. 411, 120 Pac. 792; *Eaton*

*v. Southern Pac. Co.*, 31 Cal. App. 379, 160 Pac. 687; *Gray v. Gray*, 11 Cal. 341; *Stager v. Harrington*, 27 Kan. 414; *Helck v. Rheinheimer*, 47 Hun, 638, 14 N. Y. St. Rep. 465; *People v. Mercantile Credit Guaranty Co.*, 35 Misc. Rep. .755, 72 N. Y. Supp. 373.)

Appellant Swartwout is not entitled to recover the costs of his appeal in the supreme court from the plaintiff, the lumber company. (*San Francisco Savings Union v. Long*, 137 Cal. 68, 69 Pac. 687; *Smith v. Sherman*, 52 Mich. 637, 18 N. W. 394; *Medearis v. Granberry*, 38 Tex. Civ. 187, 84 S. W. 1070; *Hallidie Co. v. Washington Brick etc. Co.*, 70 Wash. 80, 126 Pac. 96; *Thomas v. Lee*, 74 Wash. 286, 133 Pac. 446, 134 Pac. 510; *Missouri K. & T. Ry. Co. v. Enos*, 92 Tex. 577, 50 S. W. 928; *Renehan v. McAvoy*, 116 Md. 356, 81 Atl. 586, 38 L. R. A., N. S., 941.)

LEE, J.—The Mountain Home Lumber Company, Ltd., a corporation, respondent herein, hereafter referred to as the lumber company, brought an action against appellant D. R. Swartwout, the two Meseroles and Smith, to quiet title to certain lands. In that action appellant Swartwout, as one of the defendants, and the Meseroles and Smith, as the other, cross-complained, and each severally asked to have title quieted in themselves. In that action the court found for the Meseroles and Smith, and quieted title in them. From that judgment the lumber company appealed, and Swartwout cross-appealed. This court reversed that judgment and directed the lower court to quiet title in Swartwout, appellant in this action. (*Mountain Home L. Co. v. Swartwout*, 30 Ida. 559, 166 Pac. 271.)

The *remittitur* directed the court below to make findings, conclusions and judgment, quieting title to said premises in appellant Swartwout, and awarded him costs on appeal in the sum of $80.60. This *remittitur* was filed with the clerk of the court below on October 27, 1917, and on November 1st following appellant Swartwout filed therein his memorandum of costs incurred in the trial of the action below, in the sum of $51.65, and served the same upon the lumber

company, which made no objection at the time. The clerk of the lower court docketed judgment for $80.60, costs awarded on appeal by this court, and $51.65 costs claimed in the original action, making a total money judgment of $132.25; the time of docketing this judgment does not appear.

On November 27th following, the lower court made findings, conclusion and judgment quieting title to said premises in appellant Swartwout, as directed by this court, and as a part of said judgment entered a money judgment for said costs for $132.25. The lumber company moved to strike these items of cost from this judgment, for the reason that the memorandum for the item of costs incurred in the first trial had been prematurely filed, and, secondly, for the reason that the order for costs allowed by this court on said appeal was illegal and void, and had been illegally and improperly entered. This motion was sustained by the lower court, and both items of cost were stricken from said judgment. From this order striking this judgment for costs this appeal is taken by Swartwout, and presents two questions for determination, the first one being as to whether a trial court can strike from a judgment entered on a mandate from this court, costs on appeal, and, secondly, whether the memorandum of costs claimed in the lower court was prematurely filed.

C. S., sec. 7219, provides that whenever costs are awarded to a party by an appellate court, if he claims such costs he must tax the same before the clerk of the supreme court. This section and rules 39 and 40 of this court provide the manner of taxing costs allowed on appeal. These costs on appeal were taxed in accordance with this statute and the rules of this court, and were a part of its judgment, as certified to the lower court. It would therefore seem to be a matter of supererogation to say that the lower court is without authority to modify the judgment of this court. The mandate of the reviewing court is binding upon the lower court, and must be strictly followed. Where the ap-

pellate court remands a cause with directions to enter judgment for one of the parties, the judgment of the appellate court is a final judgment in the cause, and the entry thereof in the lower court is a purely ministerial act. (2 R. C. L., p. 289, sec. 244; *Fortenberry v. Frazier*, 5 Ark. 200, 39 Am. Dec. 373; *Cowdery v. London & San Francisco Bank*, 139 Cal. 298, 96 Am. St. 115, 73 Pac. 196; *Tourville v. Wabash R. Co.*, 148 Mo. 614, 71 Am. St. 650, 50 S. W. 300; *Durham v. Eno Cotton Mills*, 144 N. C. 705, 57 S. E. 465, 11 L. R. A., N. S., 1163; *Barbour v. Tompkins,* 58 W. Va. 572, 52 S. E. 707, 3 L. R. A., N. S., 715.)

A trial court has no authority to enter any judgment or order not in conformity with the order of the appellate court. That order is conclusive on the parties, and no judgment or order different from or in addition to that directed by it can have any effect. Where the mandate of an appellate court directs a specific judgment to be entered, the tribunal to which such mandate is directed must yield obedience thereto. No modification of the judgment so directed can be made by the trial court, nor can any provision be ingrafted on or taken from it. The reason for this rule is obvious. When a particular judgment is directed by an appellate court, the lower court is not acting of its own motion, but in obedience to the order of its superior. What that superior says it shall do, it must do, and that alone. Public interest requires that there shall be an end to litigation, and when a given cause has received the consideration of a reviewing court, has had its merits determined, and has been remanded with specific directions, the court to which such mandate is directed has no power to do anything but to obey; otherwise litigation would never be ended, and the reviewing tribunal would be shorn of that authority over inferior tribunals with which it is invested by fundamental law. (2 R. C. L., p. 289, sec. 244; *Galbreath v. Wallrich,* 48 Colo. 127, 139 Am. St. 263, 109 Pac. 417.)

C. S., sec. 7172 (R. C., sec. 4826), provides that when judgment is rendered upon an appeal, it must be certified by the clerk of the supreme court to the clerk with whom the judgment-roll is filed; the clerk must attach the certificate to the judgment-roll and enter a minute of the judgment of the supreme court upon the docket against the original entry. This was originally section 358, of the California Practice Act, being now section 958 of the California Code of Civil Procedure, and was first construed in *Marysville v. Buchanan,* 3 Cal. 212, wherein that court says that the *remittitur* from the appellate court is transmitted to the clerk of the court below, and by him attached to the judgment-roll, and a minute of the judgment of the appellate court is entered on the docket against the original entry. If the judgment of the appellate court orders a new trial, the clerk of the district court will proceed to place the cause on the calendar; if it awards costs, he will, on the application of the party in whose favor it is given, issue execution on the same. In either case he acts not by authority of the district court, but of this court, and that court has no authority to prevent immediate execution of the judgment; it being the judgment of the appellate court, is final.

In *McMillan v. Richards,* 12 Cal. 467, the court says that where the supreme court reverses a judgment of the district court and directs the entry of a final judgment, such judgment may be entered by the clerk of the district court in vacation, it being in substance and effect a final disposition of the whole subject matter by the appellate court. The lower court performs a specific ministerial duty in registering the decree ordered and directed by the appellate court, and it is just as binding as if entered in the supreme court itself.

*McMann v. Superior Court,* 74 Cal. 106, 15 Pac. 448, holds that the statute of limitations on a judgment for costs awarded by an appellate court commences to run from the entry thereof on the docket.

Respondent lumber company contends that because in *Mountain Home L. Co. v. Swartwout et al., supra,* there is no specific award of costs against it, and this being an action where the judgment reversed was on behalf of one of the cross-complainants, the costs on such appeal cannot be properly assessed against it. There is no merit in this contention. The judgment of reversal in that cause awarded costs on appeal to Swartwout, cross-appellant and respondent, and is a judgment against appellant lumber company for such costs. C. S., sec. 7209 (R. C., sec. 4903), allows costs of course to the prevailing party in an action for the recovery of real property. (*Brunzell v. Stevenson,* 30 Ida. 202, 164 Pac. 89.)

R. C., sec. 4913, before it was amended by chap. 204, Laws of 1911, page 673, provided for taxing costs awarded to a party on appeal in the court below. The party claiming such costs was required within thirty days after the filing of the *remittitur* to file with the clerk and serve a memorandum of such costs, in the same manner that costs are taxed in the trial court under R. C., sec. 4912, now C. S., sec. 7218, which is the general provision for the taxing of costs in that court. Under this procedure it was the usual practice to also tax costs incurred in the trial court, where the party claiming such costs had been a losing party in the trial below, and for this reason had been unable to tax such costs until after he had secured a reversal of the judgment. When judgment is reversed and the lower court is directed to enter a particular judgment, and the *remittitur* is transmitted to the court below, a judgment should be docketed for the costs taxed in this court, and the prevailing party should also file and serve his memorandum of costs incurred in the original trial, in accordance with the provisions of C. S., sec. 7218, that being his first opportunity to claim such costs.

This section provides that within five days after the verdict or notice of the decision, such memorandum shall be filed; but it is evident that where the verdict or decision

has been against a party in the original action, he cannot file such memorandum until there is a reversal of such judgment and the *remittitur* is transmitted to the court below. Where, in addition to reversing the judgment, this court directs a specific judgment to be entered, this decision takes the place of the verdict or decision of the trial court; therefore, the prevailing party, if he claims his costs incurred below, must upon such reversal file and serve a memorandum of such costs within five days after he has notice of the filing of the *remittitur* from this court, and such filing and service is in time. If this court has not directed the trial court to enter a specific judgment, although it may have awarded costs on appeal, the costs incurred in the lower court by the party securing the reversal must await the further action of the trial court, which will make such further orders in the progress of the case as are not inconsistent with the decision of this court.

Respondent relies upon the case of *Smith v. Faris-Kesl Construction Co.,* 27 Ida. 407, 150 Pac. 25, to support his contention that the memorandum of costs incurred in the trial court was prematurely filed. But the rule in that case has no application to the case at bar; the court there held that the phrase "decision of the court" as used in C. S., sec. 7218 (R. C., sec. 4912), refers to a formal decision or findings of fact and conclusions of law and decree or judgment of the trial court, and that a memorandum of costs and disbursements filed prior to the making of such a formal decision is prematurely filed, and that a motion to strike the same should be sustained.

In the case at bar, the decision had been against appellant Swartwout in the trial below, and therefore he could not file and serve any memorandum of costs. But he obtained a reversal in this court, and a direction to the court below to enter a specific judgment in his favor, which entitled him to a judgment for such costs upon the filing of the *remittitur* from this court with the clerk of the court below. This court awarded him costs on appeal, and the same were

taxed in accordance with the statute and the rules of this court; but it could not tax the costs incurred by him in the trial of the cause below, and he was therefore required to file and serve his memorandum of such costs, which was done within five days after the filing of the *remittitur*. No objection was made to the amount claimed, or to the filing of this memorandum, until the motion to strike was interposed some months afterward. In this case it appears that the court below did not make and enter findings, conclusions and decision quieting title to said premises in appellant, as directed by the mandate of this court, until some weeks after the filing of the *remittitur;* but such decision, when entered, was not the judgment of that court, but of this court, and related back to the filing of the *remittitur*.

The judgment for costs on appeal was a final judgment of this court, and was properly entered by the clerk of the district court as a separate money judgment, and became immediately effective; appellant Swartwout was entitled to have execution issue thereon after such entry. This should not thereafter have been included in the costs awarded in the decision made by the district court in obedience to the mandate of this court, it already having been entered; and that part of the judgment was properly vacated by the order here appealed from.

But the order of the district court in striking from the judgment the costs claimed by appellant in his memorandum filed within five days from the entry of the *remittitur* is reversed, with directions to restore to such judgment the amount of such costs. Costs awarded to appellant on this appeal.

Rice, C. J., and Budge, McCarthy and Dunn, JJ., concur.