[Civ. No. 9807. Second Appellate District, Division Two.—November 28, 1934.]

EDWIN A. MESERVE et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[Civ. No. 9808. Second Appellate District, Division Two.—November 28, 1934.]

HOLLYWOOD CLEANING & PRESSING COMPANY (a Corporation), Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Meserve, Mumper, Hughes & Robertson, Baldwin Robertson and J. D. Taggart for Petitioners.

O'Melveny, Tuller & Myers, Pierce Works and Jackson W. Chance for Respondents.

ARCHBALD, J., *pro tem.*—October 3, 1929, petitioner Hollywood Cleaning & Pressing Company (hereinafter called cleaning company) recovered a judgment in the Superior

Court in and for Los Angeles County against respondent Hollywood Laundry Service, Incorporated (hereinafter called laundry company) for the sum of $43,865 as damages for the alleged breach of a contract made and entered into by said corporation. The cleaning company was represented in said action by petitioner Mcserve, Mumper, Hughes & Robertson and one Harry W. Hanson, since deceased (hereinafter called attorneys). Said judgment was appealed by the laundry company and was reversed by the Supreme Court and a retrial ordered as to the issue of damages only (*Hollywood Cleaning & Pressing Co.* v. *Hollywood Laundry Service*, 217 Cal. 124 [17 Pac. (2d) 709]; Id., 217 Cal. 131, 138 [17 Pac. (2d) 712]), and costs on appeal in the sum of $2,549 were awarded said appellant.

Pending said appeal the cleaning company assigned to its said attorneys an unnamed portion of forty per cent of said judgment as "attorneys' fee in the trial and appellate courts". Said assignment "was not obtained nor agreed to until the 8th day of April, 1930, which was long after the defendant and appellant had prosecuted its appeal, to-wit, December 2, 1929, and long after defendant had incurred substantially all of the costs on appeal". No motion to retax said costs having been made within the time allowed therefor, the laundry company caused an execution to be issued for said costs against both the cleaning company and its attorneys as such assignees, and thereafter said cleaning company and its attorneys "were severally served by respondent E. W. Biscailuz, sheriff of said county, with said writ of execution and levies and notice of levy and seizure of all their right, title and interest in and to the cause of action" on which the complaint was filed. Said execution directed said sheriff to satisfy the same "out of the personal property of said Hollywood Cleaning & Pressing Co., a corporation, and of said assignee or assignees hereinabove named, and each of them; or if sufficient thereof cannot be found, then out of the real property belonging to said corporation and its said assignee or assignees on the 6th day of March, 1933, or at any time thereafter". Said cleaning company, in its own behalf, moved to stay further proceedings under said execution until judgment has been rendered on its said complaint, and to quash said execution to the extent that it attempts to levy upon its unliquidated cause

of action; and said petitioning attorneys moved for an order recalling and quashing said execution on the ground that it was unlawfully issued as to them. Pending the hearing of such motion an order was issued by respondent court staying further proceedings under said execution pending the hearing of said motions, and requiring cause to be shown why said laundry company and said sheriff should not be enjoined and restrained from levying on any property of said attorneys, and particularly from attempting to sell said cleaning company's cause of action. On the hearing of said motions the judge announced that he would make an order denying them and permitting and directing said sheriff to execute said writ. Said attorneys filed their application herein for an alternative writ of prohibition, which was issued, directing said superior court, said laundry company and said sheriff to show cause why they should not be restrained from proceeding further under said execution; and said cleaning company applied for a similar writ, which was also issued, prohibiting said superior court from making the order hereinbefore referred to and restraining respondents from selling or attempting to sell said cause of action, both of said writs requiring cause to be shown why said restraints should not be made permanent. As a return to such writs the respondents filed a general demurrer to each petition, which admitted the facts hereinbefore stated as well as some others not deemed material here.

It is evident that so far as the sheriff is concerned in levying the execution, noticing and holding a sale thereunder, he is acting in a ministerial capacity only; and the writ of prohibition lies only to arrest the proceeding of a tribunal, corporation, board or person *exercising judicial functions,* when such proceedings are without or in excess of the jurisdiction possessed. (Code Civ. Proc., sec. 1102.)

"When process comes to the hands of a ministerial officer for service according to law, the duty devolves upon him to serve it, and he must do so at his risk. If the process be voidable or void, or if the acts of the officer under it are illegal, the law provides ample and adequate remedies for redress, to which resort must be had; but the officer himself will not be prohibited from the performance of his duty." (*Hobart* v. *Tillson,* 66 Cal. 210, 212 [5 Pac. 83].)

■ Petitioners urge that the cause of action of the cleaning company cannot be sold under execution and, impliedly, that the court below has no jurisdiction to act on the motions made otherwise than to grant them; and it is to prevent impending denial of its motions that the proceedings here pending were instituted. Is petitioner cleaning company's cause of action against the laundry company for damages for alleged breach of contract subject to sale under said execution?

Section 688 of the Code of Civil Procedure, so far as necessary here, provides: "All goods, chattels, moneys and *other property, both real and personal, or any interest therein,* of the judgment debtor, not exempt by law . . . are liable to execution; . . . debts and credits, and all other property, both real and personal, . . . *and all other property not capable of manual delivery,* may be levied upon or released from levy in like manner as like property may be attached or released from attachment." (Italics ours.) Subdivision 3 of section 17 of the same code provides: "The words 'personal property' include money, goods, chattels, *things in action* and evidences of debt." "A thing in action is a *right to recover money* or other personal property *by a judicial proceeding.*" (Italics ours.) (Civ. Code, sec. 953.) Section 691 of the Code of Civil Procedure, with reference to writs of execution, so far as material reads: "The officer to whom the writ is directed must execute the writ against the property of the judgment debtor, by levying on a sufficient amount of property, if there be sufficient; *collecting or selling the things in action* . . . and paying to the plaintiff or his attorney so much of the proceeds as will satisfy the judgment." (Italics ours.)

It would seem to be clear from the foregoing sections that the cleaning company's right to recover damages for the alleged breach of contract is personal property; and it is equally clear that it is not exempt from execution and that it is not capable of manual delivery. It would therefore seem to be subject to sale under execution if like property may be attached or released from attachment.

■ Subdivision 6 of section 542 of the Code of Civil Procedure, so far as material here, provides: "Debts and credits *and other personal property, not capable of manual delivery,* must be attached by leaving with the person . . .

having . . . under his control such . . . *other personal property* . . . a copy of the writ and a notice that the . . . other personal property in his possession, *or under his control* . . . are attached in pursuance of such writ.'' (Italics ours.) The words ''debts and credits'', as used in such section, would seem to have no application to a cause of action for damages for the alleged breach of contract. Nor can it be said that such a cause of action is ''in the possession'' of a plaintiff. It would, however, as we have said, seem to be ''other personal property, not capable of manual delivery'' and ''under the control'' of ·the plaintiff in the action. Being founded upon a contract, it survives (Probate Code, sec. 573), and it may be assigned by him. Our Supreme Court has quoted with approval on at .least two occasions the following language from the old case of *Meech* v. *Stoner,* 19 N. Y. 26: ''Assignability of things in action is now the rule; nonassignability the exception; and this exception is confined to wrongs done to the person, the reputation or the feelings of the injured party, and to contracts of a purely personal nature, like promises of marriage.'' (*Rued* v. *Cooper,* 109 Cal. 682, 693 [34 Pac. 98] ; *Wikstrom* v. *Yolo Fliers Club,* 206 Cal. 461, 464 [274 Pac. 959].) In our opinion the code clearly covers such a cause of action as is involved here. Identical codes have been given a similar construction in other states. (*Johnson* v. *Dahlquist,* 130 Wash. 29 [225 Pac. 817] ; *State* v. *District Court,* 74 Mont. 355 [240 Pac. 667]. See, also, *Brenton Bros.* v. *Dorr,* 213 Iowa, 725 [239 N. W. 808].)

Assuming that the trial court obtained jurisdiction of the parties and subject-matter by the motions of petitioners, we are of the opinion that it had the power to decide the question of law involved even though it decided it contrary to petitioners' contentions and even though an erroneous decision be made. In the case of *Western Union Tel. Co.* v. *Superior Court,* 15 Cal. App. 679 [115 Pac. 1091], an attempt was made to prohibit the superior court from hearing an application by a foreign corporation to condemn private property for a public use upon the ground that the court had no jurisdiction to entertain an application by such a party. The District Court of Appeal discharged the alternative writ issued, and a petition to have the cause heard in the Supreme Court was denied therein (15 Cal.

App. 701) "upon the sole ground that in our opinion the remedy by prohibition is not available to the petitioner". The Supreme Court made the following very significant statement, which seems to be applicable here: "It is true that the capacity of a foreign corporation to exercise the power of eminent domain in this state is purely a question of law, but it is a question as much within the jurisdiction of the superior court as other questions of law arising in similar cases which are held to be reviewable here only on appeal." Assuming that the superior court here had jurisdiction to entertain the motions which petitioners made, and assuming that its action in deciding such motions (so far as the sale of the cause of action is concerned) would be determined by the construction such court placed upon the code sections involved, it will be seen that here, as in the cited case, a question of law alone is involved. The Supreme Court there refused to interfere with the decision by the superior court of such question of law, holding that it was reviewable only on appeal. In our opinion the same principle is involved here.

If the superior court had jurisdiction to decide the motions in favor of petitioners it would seem that it also has jurisdiction to decide such motions against them; or in other words, it has the power to decide such motions even if its decision is wrong. (*Raine* v. *Lawlor*, 1 Cal. App. 483 [82 Pac. 688].) ■ Again assuming that the superior court had jurisdiction to entertain the motions made by petitioners, in our opinion appeals would lie from the orders denying said motions, as upon special orders after final judgment; and if the appeal did not act as a stay under section 949 of the Code of Civil Procedure, still it would be plain, speedy and adequate, in view of the power of the appellate court to issue a *supersedeas*. (*Glougie* v. *Superior Court*, 169 Cal. 675 [147 Pac. 972].)

■ It may be well questioned if the superior court has authority to stay proceedings on an execution issued for the costs of an appellate court. In the case of *Mayor* v. *Buchanan*, 3 Cal. 212, such a stay was made. The court there held that in such a case the clerk of the court "acts, not by the authority of the district court, but of this court. Neither the district court nor the district judge have any authority to prevent the immediate execution of the judg-

ment of this court. So far as the appeal is concerned and the costs consequent thereon, the judgment of this court is final.'' In the case of *First Nat. Bank* v. *Stansbury*, 214 Cal. 190 [5 Pac. (2d) 11], the Supreme Court reversed an order issued by the superior court which attempted to stay the proceedings on a prior judgment for costs pending the determination of an appeal from a later judgment on the merits. The stay order was conditioned on the giving of a bond to secure such damages as might result from the making of the order. It may be implied from the opinion (though not involved in the appeal) that if the order had required a bond to satisfy the judgment it might have been sustained. The facts admitted by the demurrer here, however, do not mention a bond of any kind. The Supreme Court there said: ''There is no interdependence between the judgment for costs of the former appeal and any judgment which may subsequently be entered in the main case.''

In view of the foregoing we must conclude that said cause of action is subject to sale under execution in favor of the laundry company, and that the superior court has no authority to stay proceedings thereon.

 Was the execution unlawfully issued as to petitioning attorneys? The execution recites the assignment to such attorneys of an interest in the judgment appealed from, and directs the sheriff to satisfy the judgment for costs on appeal out of the property of the cleaning company ''and of said assignee or assignees'', etc. Respondents urge that it was properly issued, inasmuch as the assignment of a judgment carries with it the cause of action sued on; and as under section 385 of the Code of Civil Procedure an assignee may continue the action in the name of the original party, such assignee becomes ''a person expressly authorized by statute'' to prosecute an action, and in consequence costs may be recovered against such assignee or assignees as against a person prosecuting or defending in his own right, under section 1026 of the Code of Civil Procedure. Assuming, without so deciding, that under the assignment here it was intended to transfer an interest in the cause of action, and that from the date of the assignment such petitioners had a real interest in prosecuting the appeal and would become liable for costs incurred thereafter by appellant in

prosecuting its appeal, still we do not believe that such assignee could be held liable for costs expended prior to such assignment. One of the facts admitted by the demurrer to the petition of said attorneys is that ''said assignment was not obtained nor agreed to until the 8th day of April, 1930, which was long after defendant and appellant had prosecuted its appeal, to-wit, December 2, 1929, and long after defendant had incurred substantially all of the costs on appeal''. In our opinion costs incurred prior to the assignment cannot be awarded against the assignee. In the case of *Whitten* v. *Dabney*, 171 Cal. 621, 632 [154 Pac. 312], it was held that the discretionary power of the court in the matter of costs did not extend to awarding costs against an intervener arising prior to his connection with the case. Until then he is not prosecuting or defending the action. We think the same principle applies here.

In our opinion, however, it is not necessary to recall or quash said execution. An order issued by the superior court restraining the sheriff from levying on any property of the petitioning attorneys except the interest, if any, they may have in said cause of action, would preserve the right of respondent laundry company to an immediate enforcement of its judgment for costs and yet protect the petitioning attorneys from any possible wrongful use of such execution. If such assignment of judgment carried any right to the cause of action it amounted to a splitting of the cause of action and, in our opinion, is void as against respondent laundry company without its consent; and such restraint would leave, as it should, the cause of action subject to an execution against the cleaning company.

In case No. 9808, the demurrer to the petition is sustained and the petition dismissed. In case No. 9807, the demurrer is overruled and a peremptory writ will issue prohibiting respondent court from making an order which will permit the sheriff to levy said execution on any property of petitioners other than on any interest they or either of them may have, if any, in the cause of action upon which said execution is levied.

Stephens, P. J., and Crail, J., concurred.

An application by petitioners to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 24, 1935.