KIMPTON, RESPONDENT, *v.* JUBILEE PLACER MINING CO. ET AL., APPELLANTS.

[No. 980.]

[Submitted January 17, 1899.    Decided January 23, 1899.]

*Appeal—Judgment on Mandate.*

An appeal from a judgment of the Court below entered in conformity tò the judgment and order of the Supreme Court on a former appeal will be dismissed, as being in effect an appeal from the Supreme Court's own judgment.

*Appeal from District Court, Jefferson County; Frank Showers, Judge.*

ACTION by Washington I. Kimpton against the Jubilee Mining Company and another. From a judgment in favor of plaintiff in obedience to the mandate of the Supreme Court (16 Mont. 379; 41 Pac. 137; 42 Pac. 102), defendants appeal. Dismissed.

*T. C. Bach* and *Henry C. Smith*, for Appellant.

*Walsh & Newman* and *Toole & Wallace*, for Respondent.

**PER CURIAM.**—This action was brought to determine the rights of the respective parties in the waters of Crow creek, and to quiet title to the same. In February, 1894, the trial court adopted the special findings of the jury in favor of plaintiff, but rendered judgment thereon dismissing the action, with costs. The plaintiff appealed from the judgment, and on July 15, 1895, this Court reversed the judgment appealed from, and remanded the cause, with directions to enter judgment in favor of plaintiff, determining his title to the use of 160 inches of the water, and perpetually enjoining defendants from interfering therewith; and, on rehearing, its judgment of July 15th was affirmed. (*Kimpton* v. *Mining Co.*, 16 Mont. 379, 41 Pac. 137, and 42 Pac. 102.) On July 31, 1895, there was entered in the court below the final judgment for plaintiff, in accordance with the order of this Court. Thereafter defendants filed a paper designated ''A Statement on Appeal,'' which the court settled. From the judgment so entered on July 31, 1895, defendants prosecute the present appeal.

Plaintiff has moved that the statement on appeal be stricken from the transcript, upon the ground that there is no authority of law for filing the same. Prior to the taking effect of the Codes (July 1, 1895,) one of the means of preserving alleged errors of the trial courts was by statements on appeal. The Codes, however, do not recognize or make provision for such method or proceeding for review on appeal of rulings or decisions of District Courts. It would seem that the motion to strike is well interposed, under Sections 3455, 3482 and 3483 of the Code of Civil Procedure, and 5182 of the Political Code, and the authority of *Gassert* v. *Bogk*, 7 Mont. 585, 19 Pac. 281, and *Kelly* v. *Larkin*, 47 Cal. 58, notwithstanding the fact that the trial was had in 1894; for the reason that the supposed statement on appeal was prepared and filed subsequently to the repeal of the statute providing therefor. We are in-

clined to think that no "proceeding" had been taken in the
matter of such statement, or in furtherance of an appeal from
the judgment entered July 31, 1895.

It is deemed unnecessary, however, to decide the question
raised by the motion, as the appeal must be dismissed because
it is one which is, in effect, from the judgment of this Court.
The decree was entered in obedience to, and in exact con-
formity with, the judgment and order of this Court. The
District Court was commanded *to enter* judgment in favor of
plaintiff. This involved the performance of a mere minis-
terial act and duty (*McMillan* v. *Richards*, 12 Cal. 467; *Sie-
ber* v. *Frink*, 7 Colo. 148, 2 Pac. 901; *Matthews* v. *Hough-
ton*, 11 Me. 377; *Fish* v. *Emerson*, 44 N. Y. 376), and, when
our mandate was obeyed by the court below, the decree it
caused to be entered was the judgment of this Court; and by
that judgment the questions which did actually arise on the
trial, and those which could have been presented, as well as
the rights of the parties in the subject-matter of the suit, were
finally determined. They became *res judicata*, and all that
remained for the District Court to do do was to enter the judg-
ment rendered by the Supreme Court. The rule, with its
qualifications, is well expressed in *Stewart* v. *Salamon*, 97
U. S. 361, as follows: "An appeal will not be entertained
by this court from a decree entered in the circuit or other in-
ferior court, in exact accordance with our mandate upon a
previous appeal. Such a decree, when entered, is in effect
our decree, and the appeal would be from ourselves to our-
selves. If such an appeal is taken, however, we will, upon
the application of the appellee, examine the decree entered,
and, if it conforms to the mandate, dismiss the case, with
costs. If it does not, the case will be remanded, with appro-
priate directions for the correction of the error. The same
rule applies to writs of error. This is not intended to inter-
fere with any remedy the parties may have by *mandamus*. This
is an appeal from a decree entered upon our mandate. No
complaint is made as to its form, and it seems to be in all re-
spects according to our directions. The effort of the appel-

lant was to open the case below, and to obtain leave to file new pleadings, introducing new defenses. This he could not do. The rights of the parties in the subject matter of the suit were finally determined upon the original appeal, and all that remained for the circuit court to do was to enter a decree in accordance with our instructions, and carry it into effect. If, in the progress of the execution of the decree, after its entry, either party is aggrieved, he may appeal from the final decree in that behalf; but such an appeal will bring up for re-examination only the proceedings subsequent to the mandate.'' The following cases may be cited as in a greater or less degree supporting the views here expressed: *Aspen Mining & Smelting Co.* v. *Billings,* 150 U. S. 31; *Humphrey* v. *Baker,* 103 U. S. 736; *Kingsbury* v. *Buckner,* 134 U. S. 650; *Keller* v. *Lewis,* 56 Cal. page 469; *Argenti* v. *Sawyer,* 32 Cal. 414; *McDonald et al.* v. *State,* 80 Wis. 407, 50 N. W. 185; *Woolman* v. *Garringer,* 2 Mont. page 408; *Barkley* v. *Tieleke, ib.* 435; *Daniels* v. *Andes Insurance Co., ib.* 500; *Palmer* v. *Murray,* 8 Mont., page 183; *Davenport* v. *Kleinschmidt, ib.* page 479.

The appeal in the case at bar is from a judgment rendered by this Court and entered by the District Court, and for that reason it must be dismissed.

*Dismissed.*