STATE EX REL. DOLENTY, RELATOR, v. DISTRICT COURT
ET AL., RESPONDENTS.

(No. 2,916.)

(Submitted September 30, 1910.   Decided October 31, 1910.)

[111 Pac. 731.]

*Judgment on Appeal—Entry by Clerk of District Court—Ministerial Duty—Mandamus.*

Judgment on Appeal—Entry by Clerk of District Court—Ministerial Duty.
1.   The duty which section 7120, Revised Codes, imposes upon the clerk of the district court in requiring him to enter on his docket the judgment of the supreme court rendered in any cause before it on appeal, is a purely ministerial one.

Statutes—Adoption from Other State—Rule of Interpretation.
2.   Where legislation is adopted from a sister state after interpretation by the highest court of that state, it will be held to have been adopted with the construction thus placed upon it.

Judgment on Appeal—Entry—Clerk of District Court—*Mandamus.*
3.   Since the duty of entering a judgment rendered by the supreme court in disposing of an appeal rests upon the clerk of the district

court from which the appeal was taken, such court, or its judge, may not be compelled by *mandamus* to perform the act thus imposed by law upon the clerk.

Original proceeding in *mandamus*, on the relation of W. B. Dolenty against the District Court of the First Judicial District in and for Lewis and Clark county, and Honorable J. Miller Smith, a judge thereof. Dismissed.

In behalf of Relator, there was a brief by *Messrs. Walsh & Nolan*, and *Messrs. Miller & O'Connor*, and oral argument by *Mr. W. D. Rankin*.

*Messrs. H. G. & S. H. McIntire* appeared for Respondents, *Mr. H. G. McIntire* arguing the cause orally.

Mr. JUSTICE HOLLOWAY delivered the opinion of the court.

On April 18th of this year we rendered our decision in *Dolenty* v. *Rocky Mountain Bell Telephone Co.*, 41 Mont. 105, 108 Pac. 921. The result of the trial in the district court was a judgment for the defendant telephone company. Our conclusion was that instead of a judgment for defendant, plaintiff should have prevailed. In concluding our opinion we said: "Since there is not any dispute as to the facts of this case, a new trial is not necessary, but the cause is remanded to the district court with directions to set aside its findings and judgment and enter judgment in favor of plaintiff for $1,821.93 and costs." When the *remittitur* from this court was filed in the court below, and plaintiff requested that the necessary steps be taken therein to make the decision of this court effective, a controversy arose as to whether the judgment in favor of plaintiff should be entered as of the date of the original judgment or as of the date of the filing of the *remittitur* in the district court. The trial court having refused to have this judgment entered as of the date of the original judgment, proceedings in *mandamus* were instituted in this court to compel the trial court to have the judgment in favor of plaintiff entered as of date Feb-

ruary 17, 1909. The defendants in this proceeding filed a demurrer and motion to quash, and the matter was argued and submitted for final determination.

It is urged that the entry of judgment in the court below after the determination of an appeal is not a matter with which the trial court is concerned; that it involves a mere ministerial duty on the part of the clerk, and therefore *mandamus* will not lie to compel the district court to perform an act which it is not its duty to perform, and section 7120, Revised Codes, is cited as follows: "When a judgment is rendered upon the appeal, it must be certified by the clerk of the supreme court to the clerk with whom the judgment-roll is filed, or the order appealed from is entered. In cases of appeal from the judgment, the clerk with whom the roll is filed must attach the certificate to the judgment-roll, and enter a minute of the judgment of the supreme court on the docket against the original entry. * * * " This section defines the duty of the clerk. It is the judgment of the supreme court which is to be entered, and the clerk of the district court must make the entry. This seems very plain, but if authority to support our conclusion is needed, a reference to the construction given the statute many years before we adopted it, as well as the former decisions of this court, confirm our view.

Our Code of Civil Procedure was taken from California. Section 7120, above, is a literal copy of section 358 of the California Civil Practice Act, approved April 29, 1851, and carried forward without change in that state and now appearing as section 958, California Code of Civil Procedure of 1897. In 1853 the supreme court of California was called upon to construe section 358 above, and in doing so said: "By statute, Practice Act, section 358; the *remmitur* [*remittitur?*] from this court is transmitted to the clerk of the court below. By him it is attached to the judgment-roll, and a minute of the judgment of this court is entered on the docket against the original entry. The judgment of the court then stands as the judgment of the district court. If the judgment of this court orders a new trial,

the clerk of the district court will proceed to place the cause on the calendar; if it awards costs, he will, on application of the party in whose favor it is given, issue execution for the same. In either case, he acts, not by the authority of the district court, but of this court.   *   *   *   So far as the appeal is concerned and the costs consequent thereon, the judgment of this court is final.'' (*Mayor of Marysville* v. *Buchanan*, 3 Cal. 212.)   In *McMillan* v. *Richards*, 12 Cal. 467, the doctrine of the *Buchanan Case* is reaffirmed, and the court holds that the entry of the judgment of the supreme court is a mere ministerial duty imposed by the section above upon the clerk of the district court. The same doctrine has since been repeated by the same court. When our legislature adopted the statute, section 7120 above, it is supposed to have adopted it with the construction given it by the highest court of the state from which the statute was taken.   In 1899 the question came before this court in *Kimpton* v. *Jubilee Placer Min. Co.*, 22 Mont. 107, 55 Pac. 918, and, citing the case of *McMillan* v. *Richards*, above, and other cases to the same effect, this court said: ''The decree was entered [in the district court] in obedience to, and in exact conformity with, the judgment and order of this court.   *  *  *   This involved the performance of a mere ministerial act and duty.''   In *Parrott* v. *Kane*, 14 Mont. 23, 35 Pac. 243, this court said: ''A distinction has been made between 'rendering' and 'entering' a judgment.   That distinction is pointed out by Mr. Justice Sawyer in *Gray* v. *Palmer*, 28 Cal. 416.   Rendering judgment is the judicial act of the court.   Entering it is the ministerial act of the clerk.   A judgment is a judgment when it is rendered.   It is the rendering which makes it a judgment.   The entering makes a record of the judgment which the court has rendered.''   (See, also, 1 Black on Judgments, sec. 106, and cases cited.)

The judgment which is to be entered in *Dolenty* v. *Rocky Mountain Bell Telephone Company* is the judgment rendered by this court.   (Sec. 7120, Revised Codes.)   Upon filing the *remittitur* with the clerk of the district court, there was then nothing remaining to be done but the entry of that judgment,

and the duty of making such entry is imposed by the statute upon the clerk of the district court, and not upon the court or judge. There is not anything in this record to show that the clerk has ever refused to act in compliance with relator's views. But, however that may be, we cannot by *mandamus* compel the district court, or its judge, to perform an act, the performance of which is imposed by law upon another officer, and not upon the court or judge.

The demurrer and motion are sustained and the proceeding is dismissed.

*Dismissed.*

MR. JUSTICE SMITH concurs.

MR. CHIEF JUSTICE BRANTLY, being absent, takes no part in the foregoing decision.