DAVE HANSON, Plaintiff and Respondent, v. BEN HANSEN, Defendant and Appellant.

No. 9751.

329 Pac. (2d) 791.

Submitted July 21, 1958. Decided September 15, 1958.

James A. Cumming, Columbia Falls, Stanley M. Doyle, Polson, for appellant.

James A. Cumming, Columbia Falls, and Stanley M. Doyle, Polson, argued orally for appellant.

T. H. MacDonald, Kalispell, Murphy, Robinson & Keller, Kalispell, for respondent.

T. H. MacDonald, Kalispell, argued orally for respondent.

MR. JUSTICE BOTTOMLY:

The appeal in this cause arises from the following facts. Dave and Ben Hansen were brothers doing business as partners. Managerial dificulties arose with the result that Dave Hansen brought an accounting action against Ben Hansen to establish their mutual obligations and to settle the division of the partnership property between themselves. From the judgment rendered in the district court in that action, Ben Han-

292

.sen appealed. That appeal was decided by this court in the case of Hansen v. Hansen, 130 Mont. 175, 297 Pac. (2d) 879. Rehearing on the appeal was denied June 11, 1956. That decision, right or wrong, settled the law as regarded the accounting action between the parties, is the law of the case, and became the final judgment of this court.

Subsequent to the decision of this court, Ben Hansen filed a motion for an order of restitution in the district court. This motion was based upon the following facts: In the district court action, judgment had been rendered ordering dissolution of the partnership, sale of its assets and a division between Dave Hansen and Ben Hansen of the balance remaining after payment of the debts of the partnership and the expenses of receivership and sale, in the ratio of two-thirds to Dave Hansen and one-third to Ben Hansen. The partnership when organized had been on a fifty-fifty basis and had not been changed. No stay of execution had been obtained from the judgment of the district court. After judgment, and prior to the appeal from that judgment, the receiver who had been appointed sold the partnership business to Dave Hansen, filed an accounting of his receivership, and paid into the district court the amount (one-third) deemed to be due from his accounting to Ben Hansen by the judgment of the district court. This amount paid in was subject to withdrawal by Ben Hansen. The receiver was discharged.

Thus Dave Hansen, prior to appeal, was given complete control and dominion over all the partnership property, subject to his promise to pay certain outstanding debts, and less that amount or one-third of the proceeds of sale which had been paid into the district court which was considered sufficient to satisfy the district court judgment in respect to Ben Hansen. Ben Hansen then appealed to this court, and the district court judgment was by that appeal modified in the following particulars: It was held and determined that the partnership basis of showing profits and losses was fifty percent to Dave, and fifty percent to Ben, that this ratio still

applied and must control in the final disposition of the part-
nership property. It was held that Dave had withdrawn or
held back for his own benefit net profits of the business total-
ing $7,986.30 during the period July 1949 to March 21,
1952; that Dave therefore should be surcharged with one-
half of such amount as Ben's share; that in dividing the assets
held in the hands of the receiver there should be paid all the
debts of the partnership, the reasonable and legitimate ex-
pense of the receivership and its costs lawfully incurred; that
Dave's share of the proceeds were to be surcharged in the
amount of $3,993.15 and any proceeds thereafter remaining
were to be divided equally between Dave and Ben.

After the district court's judgment and prior to the judg-
ment on appeal, Dave Hansen, then being in possession and
control of the partnership property consisting of the real
estate and business buildings thereon and the business therein,
entered into a contract of sale with Herbert Winslow and Ruby
Winslow of the said property of the former partnership. Such
was the status of the property formerly owned by the partner-
ship when the judgment of this court on appeal became final
on June 11, 1956.

It was said by this court in Lasby v. Burgess, 93 Mont. 349,
353, 18 Pac. (2d) 1104, 1105;

"When judgment is rendered upon appeal and remittitur is
issued and filed, the duty of the clerk below is prescribed by
section 9753, Revised Codes 1921 [now R.C.M. 1947, section
93-8025]. When the judgment in the court below is entered
in obedience of the judgment and order of this court as con-
tained in the remittitur, the judgment becomes that of this
court. Kimpton v. Jubilee Placer Min. Co., 22 Mont. 107, 55
Pac. 918.

"When the remittitur of this court was filed with the clerk
of the district court, 'there was then nothing remaining to be
done but the entry of that judgment, and the duty of making
such entry is imposed by the statute [sec. 9753, Rev. Codes
1921] upon the clerk of the district court, and not upon the

court or judge.' State ex rel. Dolenty v. District Court, 42 Mont. 170, 111 Pac. 731, 732.''

The judgment of this court when entered by the district court ▇ clerk becomes the final judgment of this court. Compare State ex rel. United States Fidelity & Guaranty Co. of Baltimore, Md. v. District Court, 77 Mont. 594, 251 Pac. 1061; Re Sanford Fork & Tool Co., 160 U.S. 247, 16 S. Ct. 291, 40 L. Ed. 414, and cases cited therein.

On June 30, 1956, a motion for an order of restitution was filed in the district court by Ben Hansen in conformity with the decision of this court. Such motion was denied, and from this special order after final judgment Ben Hansen brings this appeal.

The primary question presented here is did the district court err in refusing the motion for an order of restitution?

In Am. Jur., Appeal and Error, section 1242, at page 739, the general rule of restitution is set forth as follows:

''The general principle is well settled that a subsisting judgment of a court which had jurisdiction of the parties and the subject-matter is binding, at least on all who were parties, and constitutes a sufficient justification for all acts done in its enforcement until it is reversed or set aside by competent authority. Nor does the perfecting of proceedings to review the judgment of itself ordinarily suspend the operation or stay the execution of the judgment or order being reviewed; generally, when a case is being reveiwed, the respondent may, unless stayed, proceed to enforce his judgment or order. *But all proceedings taken under the judgment are dependent for their validity upon the judgment being sustained. When it is reversed or set aside, the law raises an obligation against the party to the record who has received the benefit thereof to make restitution to the other party of any and all money or property received under it, or of its value or equivalent, in money in case the recipient asserts title to the thing received or has converted it to his own use.* In other words, a party against whom an erroneous judgment or decree has been car-

ried into effect is entitled, in the event of a reversal, to be restored by his adversary to that which he had lost thereby, but no further liability should in any case be imposed." Emphasis supplied.

See also Restatement, Restitution, Chapter 3, section 74, at page 302, which sets out the rule as follows:

"A person who has conferred a benefit upon another in compliance with a judgment, or whose property has been taken thereunder, is entitled to restitution if the judgment is reversed or set aside, unless restitution would be inequitable or the parties contract that payment is to be final; if the judgment is modified, there is a right to restitution of the excess." Following this rule at page 303 is stated the procedure to be followed: "In such cases there are various methods which can be used for securing restitution. The reversing tribunal can itself direct restitution either with or without conditions, or the tribunal which is reversed can on motion or upon its own initiative direct that restitution be made." Emphasis supplied. In addition it is set out that an independent action can be maintained. See 77 C.J.S. Restitution page 322.

These two remedies were recognized by this court in the case of Nepstad v. East Chicago Oil Ass'n, 96 Mont. 183, 191, 29 Pac. (2d) 643, 646, where the court held:

"Thus it will be observed that there may be two remedies available in this case to the Chicago company. It may upon a proper proceeding force restitution, or it may have an independent action."

Having followed the former procedure has the appellant established in this case that it was the duty of the district court to require restitution as a matter of right? Actually the district court's duty under either procedure is the same. R. C.M. 1947, section 93-8024.

This court in the original case on appeal could have ordered restitution on its own. In addition the appellant here could have maintained an independent action or proceeded as he did by motion. Nepstad v. East Chicago Oil Ass'n, supra.

But his right to restitution under either of the two latter remedies is the same. He must show that a judgment was entered against him; that pursuant to that judgment the other party has received a benefit; that the judgment was set aside, reversed or modified; that restitution would not be inequitable and that there are no other bars to the remedy.

Here Dave Hansen pursuant to the original judgment of the district court obtained possession and control over all of the property of the partnership save that portion paid into court in an attempt to satisfy the judgment in respect to Ben Hansen. There was an unjust benefit conferred upon Dave as a result of the district court's judgment for he had no legal right to the amount given him of the proceeds of the partnership. The judgment had been modified and by that modification Ben Hansen was declared the owner of certain of that property previously paid over to Dave Hansen. This court could have ordered restitution of that excess. R.C.M. 1947, section 93-8024. Restitution of the excess could have been obtained upon such a showing by Ben Hansen in an independent action. We see no reason for denying the remedy here. Actually the money is now under this court's control so no innocent third parties are involved nor has any other reason been advanced for denial of Ben's right. The former decision (Hansen v. Hansen, supra, 130 Mont. 175, 297 Pac. (2d) 879) did not order a new trial and was final. We there held at page 187 of 130 Mont. at page 885 of 297 Pac. (2d):

"From what has been said it is apparent that there is in this record enough substantial evidence, which stands without material contradiction to require that under R.C.M. 1947, section 93-216, we direct a final judgment in the cause, rather than *further proceedings below.*" Emphasis supplied.

Right or wrong such final judgment declared the law and equity in the case. Nor may the respondent here contend that facts or circumstances have changed because of the enforcement of the original district court's decree so as to make it inequitable to enforce restitution at this time.

In Reickhoff v. Consolidated Gas Co., 123 Mont. 555, 217 Pac. (2d) 1076, the gas company had obtained a district court judgment and pursuant to such judgment entered upon certain lands and commenced drilling a well. The judgment was later reversed and the question arose as to whether the gas company's action amounted to a wilful trespass. In holding that it did this court at pages 561, 562 of 123 Mont., at page 1079 of 217 Pac. (2d), said: ''That the company was a trespasser on the leased lands is beyond doubt. But the company says it was not a wilful trespasser for it entered under the district court's decree, assuming to annul the lease and to quiet title in it. However, it knew the law gave to Reickhoff the right of appeal and that on such appeal the decree might be either reversed, modified, affirmed, or the case be sent back for the taking of further evidence or a new trial. It knew Reickhoff had vigorously fought the suit and that he was likely to appeal from the judgment entered against him. In misjudging the law and Reickhoff the gas company acted at its peril. It assumed the attendant risk of drilling the well on the lands leased to Reickhoff and of having the trial court's judgment reversed on appeal, but it took the chance and *lost*.''

In Erickson v. Boothe, 127 Cal. App. (2d) 644, 274 Pac. (2d) 460, 462, the court said:

''The principle is well settled that after reversal of a judgment under which a party obtained possession he is in the position of a trustee of the property and the one so dispossessed is '* * * entitled to restitution of all the things lost by reason of the judgment in the lower court * * * where justice requires it'. Ward v. Sherman, 155 Cal. 287, 291, 100 Pac. 864, 865.''

As was said in a case involving similar facts: ''Entire good faith, it occurs to us, would have dictated to them that the proper course would be to wait until the controversy had been finally determined before expending large sums of money in drilling upon the land.'' Pittsburgh & West Virginia Gas Co. v. Pentress Gas Co., 84 W. Va. 449, 452, 100 S.E. 296, 297, 7 A.L.R. 901.

For an interesting case on this aspect of restitution see also Stockton Theatres, Inc., v. Palermo, 121 Cal. App. (2d) 616, 264 Pac. (2d) 74.

In Burgess v. Lasby, 94 Mont. 534, 24 Pac. (2d) 147, 153, this court said:

"The funds in controversy, namely, $7,597.60, were known by the defendants and their counsel to be receivership funds, and the receiver was known to be an officer of the court. They also knew, or should have known, that the order of Judge Goddard was subject to review and possible reversal * * * on appeal * * * and that any funds of a receivership improperly paid over to them must be returned to the court in the event of the reversal of such order. Moreover, in reversing the decision of the district court, it is the duty of this court to enforce, by appropriate directions, the provisions of section 9752, Revised Codes of 1921 [now R.C.M. 1947, section 93-8024], which reads in part as follows: 'When the judgment or order is reversed or modified, the appellate court may make complete restitution of all property and rights, lost by the erroneous judgment or order, so far as such restitution is consistent with the protection of a purchaser of property at a sale ordered by the judgment, or had under process issued upon the judgment, on an appeal from which the proceedings were not stayed."

The cases are legion which hold under an identical statute that the court may, in case the order appealed from is reversed or modified, either compel restitution by its own mandate or direct the lower court to do so. See the oldest and most quoted and cited case on this point, Haebler v. Meyers, 132 N.Y. 363, 30 N.E. 963, 15 A.L.R. 588; the extensive note in 96 Am. St. Rep. 124; and 18 West's Annotated California Codes, Code of Civil Procedure, section 957, page 225.

Ben Hansen has in this action proved his right to restitution of those partnership funds properly belonging to him. No reason, legal or equitable, existed for denying him this right. It is not necessary that he depend on the district court's order

for his restitution and in the event, as here, that it is not forthcoming have to commence an independent action. The motion in the district court following this court's judgment and with the same judge having both parties before him was proper and correct procedure to accomplish his purpose. We hold that it was error for the district court to deny the motion for an order of restitution.

This cause has been in litigation for some six years. This is the third appearance by these same parties before this court. With this in mind and realizing the need to end litigation we deem it expedient in this case not to send this cause back for the district court to correct its error when we may accomplish this under the process of this court.

Accordingly under the provisions of R.C.M. 1947, section ▇ 93-8024, and to clarify any misconceptions which might exist as to how the judgment in Hansen v. Hansen, supra, 130 Mont. 175, 297 Pac. (2d) 879, shall be finally computed we shall make the order in this case.

Subsequent to taking possession of the partnership property from the receiver, Dave Hansen entered into a contract to sell the property. Pending this appeal, and by an order of this court, the proceeds of such sale have been paid into the office of the clerk of the supreme court and there held by that office. Cognizant of that fact, and that the record shows all debts of the partnership and receivership tabulated and accounted for and the receiver discharged without objection, we make the following computation: that the net amount remaining after payment of all debts of the partnership and the expenses of the receivership amounted to $12,217.08; that equally divided according to the partnership agreement and our original opinion this would give Dave Hansen $6,108.54 and Ben Hansen $6,108.54; that pursuant to our original opinion Dave Hansen's share shall be surcharged $3,993.15, which sum added to Ben Hansen's $6,108.54 would entitle Ben Hansen to a total amount of $10,101.69; that of this amount Ben Hansen has

received the sum of $4,072.36 leaving due and owing him $6,-029.33.

Therefore, it is ordered and this does order, adjudge and decree that Ben Hansen shall have restitution to be paid from those funds on deposit with the clerk of the supreme court, the sum of $6,029.33 with interest at the rate of 6 percent per annum from and after June 11, 1956, and the balance, if any in the hands of the clerk of this court, be paid to the attorney of Dave Hansen. The clerk of the district court will enter this opinion in conformity with the provisions of R.C.M. 1947, section 93-8025. Let the remittitur issue forthwith.

MR. CHIEF JUSTICE HARRISON, and MR. JUSTICES CASTLES and ADAIR, concur.

MR. JUSTICE ANGSTMAN: (dissenting).

As the record shows, I did not agree with this court's opinion in Hansen v. Hansen, 130 Mont. 175, 297 Pac. (2d) 879. I am therefore unable to concur in the result in the foregoing opinion except only on the basis that the opinion in 130 Mont. 175, 297 Pac. (2d) 897, has determined the issue.