No. 89-91

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

_____

CHAMPION INTERNATIONAL CORPORATION,

        Petitioner and Respondent,

  -vs-

H. L. McCHESNEY,

        Respondent and Appellant.

_____

APPEAL FROM: The Workers' Compensation Court, The Honorable
Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        H. L. McChesney; McChesney, Grenfell & Ogg, Missoula
Montana

    For Respondent:

        Bradley J. Luck; Garlington, Lohn & Robinson, Missoula,
Montana

_____

Submitted on briefs: Aug. 10, 1989

Decided: September 21, 1989

Filed:

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

Mr. McChesney appeals from an order of the Workers' Compensation Court, ordering him to reimburse Champion International Corporation (Champion) for an overpayment of attorney fees. Mr. McChesney appeals this order. We affirm.

The issue presented for our review is restated as follows:

Did the Workers' Compensation Court err in ordering repayment of attorney fees to the insurer where claimant received an overpayment of benefits, and attorney fees were based on a percentage of benefits received by the claimant?

Mr. McChesney undertook legal representation of a workers' compensation claimant, Mr. Keith Eastman, on October 6, 1982. Mr. Eastman had suffered an injury to his knee on March 20, 1981, while working for Champion International Corporation, a self-insured employer under Plan 1 of the Workers' Compensation Act. Mr. McChesney and Mr. Eastman signed a fee arrangement whereby Mr. McChesney would receive 33% of benefits in the event the case necessitated a hearing before the Workers' Compensation Court.

At the time of injury, Champion, the insurer, began payment of temporary total benefits and medical benefits. In March 1982 claimant's temporary total benefits were reduced to permanent partial. This reduction was based partly on claimant's refusal to have surgery on his knee. Claimant disputed the reduction and a hearing resulted in a judgment in claimant's favor on May 7, 1984. This judgment allowed Mr. McChesney to obtain attorney fees pursuant to § 39-71-611, MCA, which, according to the fee arrangement, was a net award of 33% of the benefits. Mr. McChesney was awarded a lump sum amount of attorney fees for the back-payment of temporary total benefits. From the date of the order

2

forward, Mr. McChesney received one-third the amount of each biweekly check sent to Mr. Eastman.

At the hearing on May 7, 1984, the medical evidence indicated that the claimant should have knee surgery; however, claimant had previously refused to have the surgery. The judgment of May 7 specifically ordered claimant to submit to a physical examination to determine whether knee surgery should be performed and to notify the court whether he was willing to have the surgery performed.

At a hearing in July 1984 regarding new medical evidence, claimant agreed to have the knee surgery performed and to schedule it immediately. The Workers' Compensation Court ordered payment of total disability benefits until after the surgery and after consideration of claimant's post-surgery condition. The order further noted that if claimant did not have the surgery the insurer was entitled to a credit for benefits paid after maximum healing.

On August 9, 1984, claimant refused to have knee surgery. A year and a half later the case was reopened by the insurer. At the hearing on the petition the court found that claimant had reached maximum healing in January of 1984, but that his entitlement to total disability benefits ended on August 9, 1984, the date that he refused to have surgery. In an order dated April 1, 1987, Mr. Eastman was granted 200 weeks of partial disability payments, offset against the total disability payments he had received after August 9, 1984. The net result of this order was that the claimant had been overpaid $7446.00. Mr. Eastman was ordered to repay this amount to the insurer, Champion.

On October 27, 1988, Champion filed a petition with the Workers' Compensation Court, seeking to recover the attorney fees paid to Mr. McChesney, which had been based on the overpayment to Mr. Eastman of $7446.00. Mr. McChesney had

3

received checks totalling one-third of this amount, or $2,479.51. The Workers' Compensation Court ordered Mr. McChesney to repay this amount to Champion.

Mr. McChesney argues that res judicata bars the Workers' Compensation Court from ordering repayment at this point. He contends that the order of April 1, 1987, directing the claimant to repay benefits, did not mention a repayment of attorney fees. He contends that the employer should have asserted the issue of reimbursement of attorney fees at that point, rather than a year and a half later.

Initially, we conclude that the present action is not barred by res judicata in that the elements of that defense are not satisfied. In Phelan v. Lee Blaine Enterprises (1986), 220 Mont. 296, 299, 716 P.2d 601, 603, we set out the elements of res judicata as follows:

> (1) the parties or their privies must be the same; (2) the subject-matter of the action must be the same; (3) the issues must be the same, and must relate to the same subject-matter; and (4) the capacities of the persons must be the same in reference to the subject-matter and to the issues between them.

We conclude that the Workers' Compensation Court was correct in holding that the action is not barred by res judicata. The subject matter and the issues in the two actions are not the same. The first suit involved the entitlement to disability benefits and the amount of such benefits. The second suit involved the entitlement to attorney fees. Different theories and considerations apply to each. In Phelan, we stated:

> [U]nless it clearly appears that the precise question involved in the second case was raised and determined in the former, the judgment is no bar to the second action.

4

<u>Phelan</u>, 716 P.2d at 603. We conclude that the April 1, 1987 order is not a bar to the present action.

We further conclude that the Workers' Compensation Court was correct in ordering the repayment of attorney fees. Mr. McChesney's fees were based solely on a percentage of benefits paid to his client. On May 7, 1984 temporary total benefits were awarded to Mr. Eastman contingent upon his agreement to have surgery on his knee. It was specifically stated in the order that the insurer would be credited any overpayment if claimant failed to comply. Although Mr. Eastman represented to the court in July of 1984 that he would undergo surgery, he never did have the knee surgery performed. Clearly the insurer was entitled to a credit. Logically it follows that the attorney fees which were based on the overpayment must also be returned. While it is unfortunate that claimant did not meet the conditions for his total disability award, the attorney was aware of the conditions attached to the benefits, and the possibility that some benefits might have to be reimbursed to the insurer.

The facts of the present case are analogous to Transamerica Ins. Group. v. Adams (Or.App. 1983), 661 P.2d 937. In that case a workers' compensation claimant settled with the insurer. The attorney was entitled to 25% of the settlement, which he received. The settlement however, was subject to administrative review, and the attorney was aware of this condition. When the Workers' Compensation Board invalidated the settlement, both the claimant and the attorney were required to return the amounts each had received. Similarly, in the present case, Mr. McChesney was aware that the insurer was due a credit in the event that certain conditions were not met. His fees, based as they were, on benefits received by the claimant, must be reimbursed. We conclude that the Workers' Compensation Court did not err in

5

ordering a repayment of attorney fees. We affirm the holding of the Workers' Compensation Court.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

6