No. 92-027

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

KENNETH REIL,

      Petitioner, Appellant
      and Cross-Respondent,

  -vs-

STATE COMPENSATION MUTUAL
INSURANCE FUND,

      Defendant, Respondent
      and Cross-Appellant.



APPEAL FROM:  The Workers' Compensation Court,
               The Honorable Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Lloyd E. Hartford, Attorney at Law, Billings,
          Montana

      For Respondent:

          Charles G. Adams, Legal Counsel, State Compensation
          Insurance Fund, Helena, Montana

Submitted on Briefs:  June 4, 1992

Decided:  August 18, 1992

Filed:

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

Kenneth Reil, claimant, appeals from a judgment by the Workers' Compensation Court ordering him to reimburse the insurer for all benefits and attorney fees. The State Compensation Mutual Insurance Fund (State Fund) filed a cross-appeal from the Workers' Compensation Court order denying its motion to join an additional party defendant. We affirm.

The parties raise the following issues for our review:

1. Is the State Fund entitled to restitution of all compensation and medical benefits paid pursuant to a judgment of the Workers' Compensation Court which was subsequently reversed on appeal?

2. Is the claimant entitled to an award of attorney fees and costs?

3. Did the Workers' Compensation Court improperly deny joinder of claimant's attorney as a third party defendant?

On March 20, 1987, the Workers' Compensation Court (WCC) ruled that Mr. Reil was entitled to benefits under Montana's Workers' Compensation Act for injuries suffered while employed at Billings Processors, Inc. The State Fund appealed the judgment of the WCC to this Court on April 23, 1987. On July 21, 1987, pending a final decision on appeal, we issued an interim order denying the stay of execution of judgment and ordered the State Fund to pay all benefits accrued by the claimant pursuant to the WCC's judgment. The State Fund paid Mr. Reil approximately $13,750 in benefits, of which $3,000 was retained by Mr. Reil's counsel for costs and

2

attorney fees.

On December 3, 1987, this Court reversed the judgment of the WCC finding that Mr. Reil failed to provide his employer with timely notice of his injury. Reil v. Billings Processors, Inc. (1987), 229 Mont. 305, 746 P.2d 617. Subsequently, the State Fund sought reimbursement for the amount paid to the claimant and his attorney in compliance with this Court's order of July 21, 1987. In a declaratory action, the WCC denied joinder of Mr. Reil's counsel as a third party defendant and ruled that restitution was proper. The WCC ordered Mr. Reil to reimburse the State Fund for all compensation benefits and medical expenses received.

I

Is the State Fund entitled to restitution of all compensation benefits and medical expenses paid pursuant to a judgment of the Workers' Compensation Court which was subsequently reversed on appeal?

Mr. Reil contends the WCC improperly ordered restitution. He claims that restitution is a common law remedy which is not applicable under Montana's Workers Compensation Act. Mr. Reil further contends that the Act, as of his date of injury, precluded the application of common law remedies to cases involving workers' compensation claims. Finally, Mr. Reil argues that the State Fund cannot recoup these benefits under the Act when the Act, which is the exclusive remedy for injured workers as well as the insurer, does not provide for restitution as a remedy.

The State Fund claims that § 39-71-411, MCA (1985), did not

3

provide that the Act would be an exclusive remedy for insurers. Further, it contends that even if the Act was exclusive, Mr. Reil's injury was not covered under the Act. Thus, the exclusivity provisions of § 39-71-411, MCA (1985), do not apply.

The WCC concluded that Mr. Reil could not take refuge under the Act where he had no entitlement under the Act as a result of his failure to give timely notice of his injury to his employer. In ordering restitution the WCC stated:

> The [Workers' Compensation Court's] original judgment for the claimant was reversed on appeal. The effect of the reversal was a determination that claimant had no entitlement to benefits under the Act and never had such an entitlement. [Mr. Reil's] claim was void at the outset. The fact that the sums were paid pursuant to a trial court ruling does not vest the claimant with an entitlement that never existed.

This Court has held that it will uphold the result reached by the Workers' Compensation Court if that result was correct, regardless of the reasons given for the conclusion. Rath v. St. Labre Indian School (1991), 249 Mont. 433, 439, 816 P.2d 1061, 1064. As above set forth, the WCC concluded that the claimant had no entitlement to benefits and never had such an entitlement and that his claim was void at the outset. That reasoning is not totally correct. The employee here worked for an employer where there was coverage under the Act. As a result, his claim was not void at the outset. Had he filed his claim on time, it could have become a valid claim. It became a non-compensable claim because the claimant failed to provide timely notice as required under the Act. While we do not agree with all of the foregoing statements of the WCC, we do agree with the conclusion that the exclusivity

4

provisions of the Act do not preclude restitution.

Claimant argues that § 39-71-411, MCA (1985), provides the exclusivity which prohibits restitution. In pertinent part § 39-71-411, MCA (1985), provides:

> For all employments covered under the Workers' Compensation Act . . . the provisions of this chapter are exclusive. Except as provided in part 5 of this chapter for uninsured employers and except as otherwise provided in the Workers' Compensation Act, an employer is not subject to any liability whatever for the death of or personal injury to an employee covered by the Workers' Compensation Act or for any claims for contribution or indemnity asserted by a third person from whom damages are sought on account of such injuries or death. . . .

It is true that the foregoing section mentions that the provisions of this Chapter are exclusive. However, the section is addressed to the elimination by the Act of employer liability for death or personal injury to an employee covered by the Act or for claims for contribution or indemnity asserted by a third person because of such injuries or death. We conclude this section has no specific application in the present controversy.

With regard to notice of injury, § 39-71-603, MCA (1985), provides in pertinent part:

> No claim to recover benefits under the Workers' Compensation Act . . . may be considered compensable unless, within 60 days after the occurrence of the accident which is claimed to have caused the injury, notice of the time and place where the accident occurred and the nature of the injury is given to the employer or the employer's insurer. . . .

As above-mentioned, this Court reversed the judgment of the WCC because the claimant failed to provide his employer with timely notice of injury. As a result, we may properly state that under the above section, the claim could not "be considered compensable"

5

because of the failure to give notice.

With regard to the liability of insurers, § 39-71-407, MCA (1985), provides:

> Every insurer is liable for the payment of compensation, in the manner and to the extent hereinafter provided, to an employee of an employer it insures who receives an injury arising out of and in the course of his employment. . . .

The facts of this case establish that the insurer was not liable for payment of compensation as a result of the failure to give the required notice. These are the only sections which we find applicable to the facts of this case. There is no section in the Act which makes specific reference to restitution.

In Hanson v. Hansen (1958), 134 Mont. 290, 295, 329 P.2d 791, 793, this Court quoted Restatement, Restitution, Chapter 3, section 74 at page 302, which states:

> "A person who has conferred a benefit upon another in compliance with a judgment . . . is entitled to restitution if the judgment is reversed or set aside, unless restitution would be inequitable or the parties contract that payment is to be final; if the judgment is modified, there is a right to restitution of the excess."

The Court applied these provisions in awarding restitution.

Applying the foregoing to the present case, we conclude that judgment was entered against State Fund; that pursuant to the judgment State Fund conferred a benefit by paying claimant; that the judgment was reversed by this Court; and that no facts have been presented by the claimant to indicate that restitution would be inequitable. We therefore conclude that restitution is proper. In Waggoner v. Glacier Colony of Hutterites (1957), 131 Mont. 525, 312 P.2d 117, this Court concluded that a party has the right to

6

recover assets lost by enforcement of a judgment subsequently reversed on appeal. There we stated that: "The right to recover what one has lost by enforcement of a judgment subsequently reversed is well established."

We conclude that the order of the WCC is consistent with existing Montana law including Waggoner and Hanson and that restitution is equitable. The State Fund is entitled to restitution where the judgment of the WCC conferring the benefit was reversed.

Claimant cites case law from other jurisdictions which have precluded the State from recouping benefits erroneously paid to injured workers. We do not find such case law to be controlling.

As stated above, this Court required the State Fund to pay all benefits accrued by the claimant prior to the entering of its opinion on the appeal. If restitution were now denied to the State Fund, it would effectively eliminate such orders to pay benefits pending appeal.

We hold that the WCC properly ordered the claimant to pay restitution to the State Fund for compensation and medical benefits paid pursuant to a judgment of the WCC which was subsequently reversed on appeal.

II

Is the claimant entitled to an award of attorney fees and costs?

Here we are affirming the judgment of the lower court. Thus, Mr. Reil is not entitled to either attorney fees or costs under §§

39-71-611 and 39-71-612, MCA.

### III

Did the Workers' Compensation Court improperly deny joinder of claimant's attorney as a third party defendant?

As required by this Court's order of July 21, 1987, the State Fund paid benefits of approximately $13,000 to Mr. Reil and his attorney. After reversal on appeal, the WCC specifically directed both the claimant and his counsel to reimburse the State Fund, stating as follows in its judgment dated November 13, 1991:

> 2. Claimant and his counsel are directed to reimburse SCMIF for all benefits and attorney's fees received pursuant to this Court's ruling which was reversed on appeal by the Montana Supreme Court.

The WCC ruling is consistent with Champion Int'l. Corp. v. McChesney (1987), 239 Mont. 287, 779 P.2d 527, in which this Court held that the State Fund was entitled to a repayment of attorney fees based upon benefits received by a claimant.

Prior to the entry of the above judgment on November 13, 1991, State Fund presented a motion to name claimant's attorney of record as a defendant. The basis for the motion was the contention that Mr. Hartford, as attorney for the claimant, was personally liable to State Fund for attorney fees and costs received. In denying the motion to join claimant's attorney as an additional defendant, the WCC stated in its order of September 13, 1991:

> Neither party has cited any authority which would convince the Court that naming Hartford a party defendant is either required or appropriate. Any interest Hartford has personally is totally incidental and derivative of the benefits received by the claimant. If the underlying issue in the pending petition relative to the reimbursement of benefits paid favors the insurer, any

8

derived benefits would be subject to the same disposition.

The Court can see no conflict of interest between Reil and Hartford's interest in the present matter.

On appeal no authority has been cited which requires the addition of the attorney as a party to this cause. In view of the above quoted judgment provision which requires "claimant and his counsel" to reimburse State Fund for "all benefits and attorney's fees received," there appears no necessity for the discretionary joinder of the attorney as a party under ARM 24.5.308.

We affirm the denial of joinder of claimant's attorney by the Workers' Compensation Court.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

9

Justice Karla M. Gray, dissenting.

I respectfully dissent from the opinion of the majority. We were bound, by the absence of a stay provision in the Workers' Compensation Act, to deny the State Fund's request for a stay pending appeal in this case in 1987. In my view, we also are bound by the Act's lack of a reimbursement or restitution provision covering the situation before us to reverse the Workers' Compensation Court's decision requiring restitution. The Workers' Compensation Act is a legislatively-created substitute for common law rights and remedies regarding work place injuries. It does not contain a right to restitution in the event of a judgment reversed on appeal and it is wrong for this Court to create such a right. Our role is to ascertain and declare what is contained in statutes; we are not to insert what has been omitted. Section 1-2-101, MCA. This is particularly so when we address an area of the law which is, in its entirety, a statutory creation. I do not disagree that there are arguments to be made for allowing restitution in these circumstances. And I recognize that there are equities to be weighed in fashioning an appropriate resolution to the dilemma faced by both claimants and insurers in situations such as these. But these are matters within the domain of the legislature, not this Court.

In addressing the restitution issue, it is important to note what has occurred regarding stays of Workers' Compensation Court judgments pending appeal since this Court's proper denial of a stay in this very case in 1987 based on an absence of statutory authority. In direct response to that decision, House Bill 154 was

10

introduced in the 1989 Legislature; it provided for stays of workers' compensation decisions under essentially the same terms as are available in appeals from district court decisions. House Bill 154 was enacted as Chapter 74, Laws of 1989, and is codified as § 39-71-2910, MCA. It is my view that this is the proper means and method with which to address the issue of restitution and that the legislature is the proper forum to resolve the question.

Section 39-71-610, MCA (1985), also is instructive with regard to the restitution/reimbursement issue. That section specifically authorizes reimbursement by a claimant where an insurer has terminated benefits, that termination is disputed, the division has ordered continuation of benefits and, subsequent to a hearing, it is held that the insurer was not liable for the ordered payments. In that situation, the legislature specifically provided for reimbursement. It did not do so in the substantially similar situation before us where payment of certain benefits was disputed, payment was required via the Workers' Compensation Court's order, and this Court subsequently held that the insurer was not liable for the payments. It is my view that, in judicially creating an additional remedy where the legislature has not done so, this Court has overstepped its role. This is particularly true since § 39-71-104, MCA (1985), requiring liberal construction of the Act, was consistently interpreted by this Court to mandate liberal construction in favor of claimants. Hunter v. Gibson Products of Billings (1986), 224 Mont. 481, 484, 730 P.2d 1139, 1141; Sorum v. Reider (1983), 205 Mont. 98, 108, 666 P.2d 1221, 1226.

I have found no reported case in any jurisdiction in which, in

11

a workers' compensation setting, a court has judicially created a right to receive, and a corresponding obligation to pay, restitution for benefits properly paid but reversed on appeal. While many courts have denied recoupment, restitution or reimbursement for overpayments at various stages of workers' compensation proceedings,[1] the following cases address the precise issue before us.

In Ransier v. State Industrial Insurance System, the worker received a lump sum award for a knee injury which was reduced on appeal. SIIS, Nevada's equivalent to our State Fund, initiated a recoupment action for the overage and the worker asserted the absence of statutory authority. In holding against recoupment of funds properly paid pending appeal and later found unwarranted, the Supreme Court of Nevada stated:

> "Chapter 616 of the Nevada Revised Statutes sets forth a comprehensive system for the compensation of industrial injuries. Because the system is uniquely legislative in nature, and alters the common law rights and liabilities of both employees and employers, we have previously refused to disturb the delicate balance created by the legislature by implying provisions not expressly included in the legislative scheme."

Ransier v. State Industrial Insurance System (Nev. 1988), 766 P.2d 274, 276; citing Weaver v. SIIS (Nev. 1988), 756 P.2d 1195.

The Kansas case of Tompkins v. George Rinner Construction Co. (Kan. 1966), 409 P.2d 1001, is also on point. The carrier appealed an award of compensation and obtained a reversal. It then sought to "recover back" the payments made pending appeal. Interestingly, the carrier asserted the same arguments on lack of entitlement—

---

[1] See, e.g., Matter of Johner (Wyo. 1982), 643 P.2d 932; Williams v. State Accident Ins. Fund (Or. 1977), 572 P.2d 658.

12

unjust enrichment, "justice," and general restitution principles related to payments made pursuant to judgment when the judgment is later reversed--as are asserted by the State Fund here. Holding that restitution was not available, the Supreme Court of Kansas stated:

> The workmen's compensation act establishes a procedure of its own covering every phase of the right to compensation and of the procedure for obtaining and enforcing it, which procedure is complete and exclusive in itself [citing cases].
>
> . . .
>
> It is logical to assume the legislature anticipated that some cases would be reversed by this court on the ground--as here--that an accidental injury did not arise "out of" the employment and therefore compensation is to be denied--but it failed to enact any "recovery back" provision.
>
> . . .
>
> When the compensation case itself was here on the merits our decision, above, was that the fatal accidental injury did not arise "out of" the employment--therefore compensation was to be denied. From a purely "legalistic" standpoint it can, of course, logically be argued that under that decision claimant was entitled to no compensation in the first place--and therefore it is somewhat "shocking" to say that she should now be permitted to retain the payments made to her. We believe, however, the matter does not end there, and that in view of the provisions of the compensation act general rules relating to "restitution" have no application and that "recovery back" is not to be permitted. Nowhere in the act is there any provision authorizing a "recovery back". If the anomalous situation presented here is to be corrected it is within the power of the legislature to do so.

Tompkins, 409 P.2d at 1003-1004.

Finally, in a case nearly identical to ours, where a compensation award was reversed because the claimant had failed to satisfy the statutory notice requirement, the Supreme Judicial Court of Maine refused to create a right to restitution not

13

contained in its statutory workers' compensation program. That court stated:

> To attempt to resolve this question by engrafting upon the statutory scheme judicially created doctrines of restitution would involve us in the establishment of broad social policy in a field of law created by the legislature in response to legislative dissatisfaction with judicial solutions to the problems of compensation for workers injured in industrial accidents. . . . [W]e are asked to establish policy in this uniquely statutory field when the legislature has deliberately elected to remain silent. In the absence of an express legislative command or a clear indication of legislative intention, we leave the parties where the legislature left them.

American Mutual Ins. Co. v. Murray (Me. 1980), 420 A.2d 251, 252.

I do not suggest that these cases are controlling on this Court. It is my view, however, that they represent the correct approach to the issue before us and the result which this Court should reach. I would reverse the decision of the Workers' Compensation Court.

_____
Justice

Justice R. C. McDonough joins in the foregoing dissent of Justice Karla M. Gray.

_____
Justice

14

Justice William E. Hunt, Sr., dissenting.

I dissent. This is the second time this case has been before this Court. Mr. Justice Sheehy dissented in the first case, and I joined in that dissent because the evidence was such that the Workers' Compensation Court in that case should have been upheld for the reasons as set forth by Mr. Justice Sheehy that on "disputed evidence, and the usual standards of review applied to such findings, the duty of this Court is to sustain the decision of the Workers' Compensation Court, and not set it aside on the dubious authority of a 1917 California case." Reil v. Billings Processors, Inc. (1987), 229 Mont. 305, 316, 746 P.2d 617, 624. In that case, the majority acted as finders of fact and law.

In this case, they do not agree with the reasoning of the Workers' Compensation Court, but they uphold the conclusion that the worker has to repay the carrier for benefits he received under the order of the Workers' Compensation Court. It is a tortuous road that this Court has traveled that seems to have reached the end result that the worker in this case, who claims he gave notice to an employer who says he did not, must repay benefits to which the majority of this Court agrees he would have been entitled to if he had sat down and wrote the notice, rather than allowing it to be disputed.

The majority opinion relies on this Court's decision in Hansen v. Hansen (1958), 134 Mont. 290, 329 P.2d 791. In Hansen, this Court stated that restitution is proper in these situations "unless restitution would be inequitable . . . ." Hansen, 329 P.2d at 793.

15

The Workers' Compensation Court initially found claimant had suffered a compensable injury. This Court reversed, not on the basis that claimant had not suffered an injury, but on the basis of an unnecessarily strict interpretation of the notice provision in § 39-71-603, MCA. In light of the circumstances of this case, requiring the injured worker, at this late date, to make restitution to the insurer for all compensation and medical benefits paid cannot be equity. This is simply a case of an insurance company receiving a windfall for benefits it should have paid to a genuinely injured worker who has been denied his benefits through a technicality. This is not equity.

_William E. Hunt_
Justice

16