JUSTICE WEBER
delivered the Opinion of the Court.
Kenneth Reil, claimant, appeals from a judgment by the Workers’ Compensation Court ordering him to reimburse the insurer for all benefits and attorney fees. The State Compensation Mutual Insurance Fund (State Fund) filed a cross-appeal from the Workers’ Compensation Court order denying its motion to join an additional party defendant. We affirm.
The parties raise the following issues for our review:
1. Is the State Fund entitled to restitution of all compensation and medical benefits paid pursuant to a judgment of the Workers’ Compensation Court which was subsequently reversed on appeal?
2. Is the claimant entitled to an award of attorney fees and costs?
3. Did the Workers’ Compensation Court improperly deny joinder of claimant’s attorney as a third party defendant?
On March 20, 1987, the Workers’ Compensation Court (WCC) ruled that Mr. Reil was entitled to benefits under Montana’s Workers’ Compensation Act for injuries suffered while employed at Billings Processors, Inc. The State Fund appealed the judgment of the WCC to this Court on April 23, 1987. On July 21, 1987, pending a final decision on appeal, we issued an interim order denying the stay of execution of judgment and ordered the State Fund to pay all benefits accrued by the claimant pursuant to the WCC’s judgment. The State Fund paid Mr. Reil approximately $13,750 in benefits, of which $3,000 was retained by Mr. Reil’s counsel for costs and attorney fees.
*276 On December 3, 1987, this Court reversed the judgment of the WCC finding that Mr. Reil failed to provide his employer with timely notice of his injury. Reil v. Billings Processors, Inc. (1987), 229 Mont. 305, 746 P.2d 617. Subsequently, the State Fund sought reimbursement for the amount paid to the claimant and his attorney in compliance with this Court’s order of July 21, 1987. In a declaratory action, the WCC denied joinder of Mr. Reil’s counsel as a third party defendant and ruled that restitution was proper. The WCC ordered Mr. Reil to reimburse the State Fund for all compensation benefits and medical expenses received.
I
Is the State Fund entitled to restitution of all compensation benefits and medical expenses paid pursuant to a judgment of the Workers’ Compensation Court which was subsequently reversed on appeal?
Mr. Reil contends the WCC improperly ordered restitution. He claims that restitution is a common law remedy which is not applicable under Montana’s Workers Compensation Act. Mr. Reil further contends that the Act, as of his date of injury, precluded the application of common law remedies to cases involving workers’ compensation claims. Finally, Mr. Reil argues that the State Fund cannot recoup these benefits under the Act when the Act, which is the exclusive remedy for injured workers as well as the insurer, does not provide for restitution as a remedy.
The State Fund claims that § 39-71-411, MCA (1985), did not provide that the Act would be an exclusive remedy for insurers. Further, it contends that even if the Act was exclusive, Mr. Reil’s injury was not covered under the Act. Thus, the exclusivity provisions of § 39-71-411, MCA (1985), do not apply.
The WCC concluded that Mr. Reil could not take refuge under the Act where he had no entitlement under the Act as a result of his failure to give timely notice of his injury to his employer. In ordering restitution the WCC stated:
The [Workers’ Compensation Court’s] original judgment for the claimant was reversed on appeal. The effect of the reversal was a determination that claimant had no entitlement to benefits under the Act and never had such an entitlement. [Mr. Reil’s] claim was void at the outset. The fact that the sums were paid pursuant to a trial court ruling does not vest the claimant with an entitlement that never existed.
*277 This Court has held that it will uphold the result reached by the Workers’ Compensation Court if that result was correct, regardless of the reasons given for the conclusion. Rath v. St. Labre Indian School (1991), 249 Mont. 433, 439, 816 P.2d 1061, 1064. As above set forth, the WCC concluded that the claimant had no entitlement to benefits and never had such an entitlement and that his claim was void at the outset. That reasoning is not totally correct. The employee here worked for an employer where there was coverage under the Act. As a result, bis claim was not void at the outset. Had he filed his claim on time, it could have become a valid claim. It became a non-compensable claim because the claimant failed to provide timely notice as required under the Act. While we do not agree with all of the foregoing statements of the WCC, we do agree with the conclusion that the exclusivity provisions of the Act do not preclude restitution.
Claimant argues that § 39-71-411, MCA (1985), provides the exclusivity which prohibits restitution. In pertinent part § 39-71-411, MCA (1985), provides:
For all employments covered under the Workers’ Compensation Act ... the provisions of this chapter are exclusive. Except as provided in part 5 of this chapter for uninsured employers and except as otherwise provided in the Workers’ Compensation Act, an employer is not subject to any liability whatever for the death of or personal injury to an employee covered by the Workers’ Compensation Act or for any claims for contribution or indemnity asserted by a third person from whom damages are sought on account of such injuries or death....
It is true that the foregoing section mentions that the provisions of this Chapter are exclusive. However, the section is addressed to the elimination by the Act of employer liability for death or personal injury to an employee covered by the Act or for claims for contribution or indemnity asserted by a third person because of such injuries or death. We conclude this section has no specific application in the present controversy.
With regard to notice of injury, § 39-71-603, MCA (1985), provides in pertinent part:
No claim to recover benefits under the Workers’ Compensation Act ... maybe considered compensable unless, within 60 days after the occurrence of the accident which is claimed to have caused the injury, notice of the time and place where the accident occurred and the nature of the injury is given to the employer or the employer’s insurer....
*278 As above-mentioned, this Court reversed the judgment of the WCC because the claimant failed to provide his employer with timely notice of injury. As a result, we may properly state that under the above section, the claim could not “be considered compensable” because of the failure to give notice.
With regard to the liability of insurers, § 39-71-407, MCA (1985), provides:
Every insurer is liable for the payment of compensation, in the manner and to the extent hereinafter provided, to an employee of an employer it insures who receives an injury arising out of and in the course of his employment....
The facts of this case establish that the insurer was not liable for payment of compensation as a result of the failure to give the required notice. These are the only sections which we find applicable to the facts of this case. There is no section in the Act which makes specific reference to restitution.
In Hansen v. Hansen (1958), 134 Mont. 290, 295, 329 P.2d 791, 793, this Court quoted Restatement, Restitution, Chapter 3, section 74 at page 302, which states:
“A person who has conferred a benefit upon another in compliance with a judgment... is entitled to restitution if the judgment is reversed or set aside, unless restitution would be inequitable or the parties contract that payment is to be final; if the judgment is modified, there is a right to restitution of the excess.”
The Court applied these provisions in awarding restitution.
Applying the foregoing to the present case, we conclude that judgment was entered against State Fund; that pursuant to the judgment State Fund conferred a benefit by paying claimant; that the judgment was reversed by this Court; and that no facts have been presented by the claimant to indicate that restitution would be inequitable. We therefore conclude that restitution is proper. In Waggoner v. Glacier Colony of Hutterites (1957), 131 Mont. 525, 312 P.2d 117, this Court concluded that a party has the right to recover assets lost by enforcement of a judgment subsequently reversed on appeal. There we stated that: “The right to recover what one has lost by enforcement of a judgment subsequently reversed is well established.”
We conclude that the order of the WCC is consistent with existing Montana law including Waggoner and Hansen and that restitution is equitable. The State Fund is entitled to restitution where the judgment of the WCC conferring the benefit was reversed.
*279 Claimant cites case law from other jurisdictions which have precluded the State from recouping benefits erroneously paid to injured workers. We do not find such case law to be controlling.
As stated above, this Court required the State Fund to pay all benefits accrued by the claimant prior to the entering of its opinion on the appeal. If restitution were now denied to the State Fund, it would effectively eliminate such orders to pay benefits pending appeal.
We hold that the WCC properly ordered the claimant to pay restitution to the State Fund for compensation and medical benefits paid pursuant to a judgment of the WCC which was subsequently reversed on appeal.
II
Is the claimant entitled to an award of attorney fees and costs? Here we are affirming the judgment of the lower court. Thus, Mr. Reil is not entitled to either attorney fees or costs under §§ 39-71-611 and 39-71-612, MCA.
Ill
Did the Workers’ Compensation Court improperly deny joinder of claimant’s attorney as a third party defendant?
As required by this Court’s order of July 21, 1987, the State Fund paid benefits of approximately $13,000 to Mr. Reil and his attorney. After reversal on appeal, the WCC specifically directed both the claimant and his counsel to reimburse the State Fund, stating as follows in its judgment dated November 13,1991:
2. Claimant and his counsel are directed to reimburse SCMIF for all benefits and attorney’s fees received pursuant to this Court’s ruling which was reversed on appeal by the Montana Supreme Court.
The WCC ruling is consistent with Champion Int’l. Corp. v. McChesney (1987), 239 Mont. 287, 779 P.2d 527, in which this Court held that the State Fund was entitled to a repayment of attorney fees based upon benefits received by a claimant.
Prior to the entry of the above judgment on November 13, 1991, State Fund presented a motion to name claimant’s attorney of record as a defendant. The basis for the motion was the contention that Mr. Hartford, as attorney for the claimant, was personally liable to State Fund for attorney fees and costs received. In denying the motion to *280 join claimant’s attorney as an additional defendant, the WCC stated in its order of September 13, 1991:
Neither party has cited any authority which would convince the Court that naming Hartford a party defendant is either required or appropriate. Any interest Hartford has personally is totally incidental and derivative of the benefits received by the claimant. If the underlying issue in the pending petition relative to the reimbursement of benefits paid favors the insurer, any derived benefits would be subject to the same disposition.
The Court can see no conflict of interest between Reil and Hartford’s interest in the present matter.
On appeal no authority has been cited which requires the addition of the attorney as a party to this cause. In view of the above quoted judgment provision which requires “claimant and his counsel” to reimburse State Fund for “all benefits and attorney’s fees received,” there appears no necessity for the discretionary joinder of the attorney as a party under ARM 24.5.308.
We affirm the denial of joinder of claimant’s attorney by the Workers’ Compensation Court.
Affirmed.
CHIEF JUSTICE TURNAGE, JUSTICES HARRISON and TRIEWEILER concur.

 See, e.g., Matter of Johner (Wyo. 1982), 643 P.2d 932; Williams v. State Accident Ins. Fund (1977), 31 Or. App. 1301, 572 P.2d 658.