JUSTICE HUNT
dissenting.
I dissent. This is the second time this case has been before this Court. Mr. Justice Sheehy dissented in the first case, and I joined in that dissent because the evidence was such that the Workers’ Compensation Court in that case should have been upheld for the reasons as set forth by Mr. Justice Sheehy that on “disputed evidence, and *284 the usual standards of review applied to such findings, the duty of this Court is to sustain the decision of the Workers’ Compensation Court, and not set it aside on the dubious authority of a 1917 California case.” Reil v. Billings Processors, Inc. (1987), 229 Mont. 305, 316, 746 P.2d 617, 624. In that case, the majority acted as finders of fact and law.
In this case, they do not agree with the reasoning of the Workers’ Compensation Court, but they uphold the conclusion that the worker has to repay the carrier for benefits he received under the order of the Workers’ Compensation Court. It is a tortuous road that this Court has traveled that seems to have reached the end result that the worker in this case, who claims he gave notice to an employer who says he did not, must repay benefits to which the majority of this Court agrees he would have been entitled to if he had sat down and wrote the notice, rather than allowing it to be disputed.
The majority opinion relies on this Court’s decision in Hansen v. Hansen (1958), 134 Mont. 290, 329 P.2d 791. In Hansen, this Court stated that restitution is proper in these situations “unless restitution would be inequitable ....” Hansen, 329 P.2d at 793. The Workers’ Compensation Court initially found claimant had suffered a compensable injury. This Court reversed, not on the basis that claimant had not suffered an injury, but on the basis of an unnecessarily strict interpretation of the notice provision in § 39-71-603, MCA. In light of the circumstances of this case, requiring the injured worker, at this late date, to make restitution to the insurer for all compensation and medical benefits paid cannot be equity. This is simply a case of an insurance company receiving a windfall for benefits it should have paid to a genuinely injured worker who has been denied his benefits through a technicality. This is not equity.